JAMES McGRADY v. ROBERT MILLER and THOMAS SLOANE.

It is a common principle that *prior* possession is sufficient to maintain
trespass or ejectment against a stranger.

When a man enters into possession of land, in this state, it is presumed he
enters in his own right; and if under a deed, his acts are to be taken
to be the acts of an owner and not of a trespasser.

THIS was an action of trespass for breaking and entering
plaintiff's close, in Alburgh, and for breaking and entering
plaintiff's dwelling-house and destroying his goods and chattels.

On trial in the county court, the plaintiff introduced testimony tending to prove that some seven or eight years before
the trespass complained of, one Frederick Hoxsie entered upon
the premises and erected a log house and occupied the same
for four years, or nearly that time ; that he then sold his possession and betterments to the plaintiff, who, on the day of
the purchase, moved into the house and took possession of
the premises, and continued in possession for two or three
years, and until the trespass complained of. The plaintiff
also introduced testimony tending to prove that, at the time in
the writ mentioned, the defendants went to his house, and he

being temporarily absent, put his furniture out of doors and occupied the house and that when the plaintiff returned, which was on the same day on which he left, the defendants refused him admittance.

The defendants then introduced testimony tending to prove that about forty years ago one Joseph Mott claimed the land, and that persons lived on it, acknowledging his right; that the last tenant of Mott left in or about the year 1815, from which time until Hoxsie entered and built as aforesaid the premises were unoccupied. The defendants also introduced testimony tending to prove that they entered and took possession by permission of said Joseph Mott, and as his tenants. The evidence tended further to prove, that, in 1817, the said Mott deeded said land, which was redeeded to him in 1820; that in 1822 he again deeded it, and it was afterwards redeeded to him; that it had always been claimed by him, as his right, and that he and those under him had, at different times, and as late as 1832, taken timber from the land or licensed others to do so.

The plaintiff read in evidence a warranty deed from Joseph Mott to Giles Harrington, conveying to said Harrington said premises in fee simple. The plaintiff also introduced testimony tending to prove that said Harrington, while the plaintiff was in possession of said premises, told the plaintiff that he should not molest him, if he continued on the land.

The defendants then offered and read in evidence a bond from said Harrington to said Mott, binding himself to reconvey said premises to said Mott, on certain conditions. It was also proved, by parol, but without objection, that Harrington brought ejectment for said land, against said Hoxsie, and recovered judgment, making title under said deeds to himself from said Joseph Mott. This was previous to plaintiff's taking possession. The defendants also introduced testimony tending to show that, since the commencement of this action, the plaintiff had said that he claimed title under Hoxsie and he believed Hoxsie had the best right to the land.

The plaintiff requested the court to charge the jury that unless Joseph Mott had, by himself or his tenants, been in the actual possession of said premises for fifteen years before the abandonment of the actual possession of the premises, as aforesaid, he had no right to the same, and that defendants

GRAND ISLE, could not justifiy under him, but the court declined to charge
January, upon that point.
1842.

McGrady
  v.
Miller et al.

The court charged the jury that said Mott had a right to the possession and that, unless they found that Harrington had constituted the plaintiff his tenant, the defendants were entitled to a verdict; that they should therefore duly consider the evidence of what passed between Harrington and the plaintiff, and determine whether the declarations of Harrington were to be understood as a license to the plaintiff to remain in possession under him, or as a refusal of Harrington to direct or interfere as to the subsequent possession of the land, and if they found that such a license ought to be inferred, they would regard the plaintiff as a tenant to Harrington and return a verdict in his favor.

The jury returned a verdict for the defendants and the plaintiff excepted.

*Stevens & Seymour*, for plaintiff.

A continued peaceable possession of the premises by the plaintiff and Hoxsie, under whom he claimed, for seven years, gives the plaintiff a right of action against any one who shall forcibly eject him. 7 Wheaton, 59, 237. *Richardson* v. *Anthony*, 12 Vt. R. 283.

The evidence introduced by the defendants did not even tend to show in Mott either a title to the fee of the land or a right to possession. *Johnson* v. *McGuire*, 4 Vt. R. 327. 4 Kent's Com. 110, 112.

*Smalley & Adams*, for defendants.

Prior possession is a sufficient title to enable the plaintiff to recover in ejectment against a stranger. *Elthorp* v. *Dewing*, 1 Chip. R. 141.

Mott was both the legal and equitable mortgagor of the premises in question, and as such had a right to the possession as against the plaintiff who was a stranger to the title and had no right to the possession as against Mott or his tenants, therefore this action cannot be sustained. *Runyan* v. *Messereau*, 11 Johns. R. 534, 593. *Hooper* v. *Wilson*, 12 Vt. R. 697. *Jackson ex. dem. Norton & Burt* v. *Willard*, 4 J. Ch. R. 41, and cases there noted. Ham. N. P. 153.

The opinion of the court was delivered by

GRAND ISLE,
*January,*
1842.

McGrady
*v.*
Miller, *et al.*

BENNETT, J.—The doctrine is a familiar one that a prior possession is sufficient to maintain trespass or ejectment against a stranger. The only question in the case is, do the exceptions show that Joseph Mott, under whom the defendants claim protection, show a subsisting prior possession to the possession claimed by Hoxsie. It appears that Joseph Mott, about forty years since, claimed the land, and individuals lived on the same under him; and that his last tenant left the premises about the year 1815. Yet it appears that, in 1817, Mott deeded the premises to another, and they were redeeded to Mott in 1820; that in 1822 he again deeded them and they were again redeeded to him; that they had always been claimed by him as his right, and that he and those under him had at different times, and as late as 1832, taken timber from the land, or licensed others to do it. It seems, from the case, that some seven or eight years before the commission of the trespass complained of, Hoxsie, under whom the plaintiff claims the house, entered upon the premises and built upon them.

There is no evidence that Mott had, at this time, abandoned the possession. Under our law, when a man enters into possession of land, he is presumed to enter and claim in his own right. So if a man has a deed of lands, this gives character to his acts, and they are to be taken as the acts of an owner and not a trespasser. The court should not then have charged the jury as requested.

For aught that appeared, Mott had the *right* of possession, and the plaintiff could not recover unless he was in as tenant to Harrington, who stood as mortgagee to Mott. This the jury negatived.

Judgment affirmed.