## S. GERTRUDE SWIFT *vs.* SILVEA A. GUILD.

### Knox.　Opinion December 14, 1900.

*Sale of Real Estate.　Seizure on Exon.　Record.　R. S., c. 76, §§ 22, 38, 42;*
*c. 81, § 59; Stat. 1880, c. 241; 1881, c. 80.*

A seizure of real estate on execution is not effectual against a subsequent pur-
chaser, who has no notice of the seizure, unless it is recorded in the registry
of deeds as provided by R. S., c. 81, § 59; but such unrecorded seizure, if
followed by a sale in the manner provided by law, is sufficient to convey title
to the purchaser, if no rights of third parties intervene.

*Held;* that the sale in this case vested title in the plaintiff's grantor, although
the seizure was not recorded, as no rights of a third party were affected.

ON EXCEPTIONS BY DEFENDANT.

Forcible entry and detainer against defendant as disseizor.　Plea,
general issue with brief statement of title in defendant.

It was admitted that the defendant was the original owner in fee
of the land described in the writ, and that she has lawful title
thereto, unless the evidence in this case shows that she has parted
with the same.

The court ruled that the proceedings upon the execution were
sufficient in law to pass the title from defendant to plaintiff's
grantor, and that therefore the plaintiff should recover.　To this
ruling the defendant excepted.

The case is stated in the opinion.

*L. F. Starrett,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendant.

A seizure upon the execution is a necessary step in divesting the
defendant's title.　There was no subsisting attachment in the suit
on which the execution was issued.　The sale, therefore, depends
solely upon the proceedings after the execution was in the hands of
the officer, to be satisfied.　This is the sale of the land, and not of
an equity of redemption. · "Real estate attachable," . . . .
"may be taken on execution and sold, as rights of redeeming real

estate mortgaged, are taken on execution and sold." R. S., c. 76, § 42.

This statute reads substantially the same as section 32 of the same chapter, providing for the taking and selling on execution of rights to redeem.

The officer can only sell the property seized; is only authorized to sell real estate after having advertised it for at least thirty days. He must necessarily sell the real estate owned by the debtor at the time he seized and advertised it. If the debtor had no title at that time, the proceedings of the officer would convey none, even though the debtor might, before the sale actually took place, have acquired title to the premises.

"Subsequent proceedings, in order to vest the title in the purchaser, have reference to the time of the seizure, and depend upon the state of the title, as it then was. *Bagley* v. *Bailey,* 16 Maine, 153." *Benson* v. *Smith,* 16 Maine, 426.

"The title is not changed, unless what the statute requires to produce this effect, appears of record. If it does not, the land remains the property of the debtor, and the judgment is unsatisfied." *Chandler* v. *Furbish,* 8 Maine, 410; *Ladd* v. *Blunt,* 4 Mass. 403.

Our court have specifically held in *Carleton* v. *Ryerson,* 59 Maine, 438, that "to constitute a valid attachment of real estate," . . . . "the officer's return on the writ must show that the 'attested copy', required to be filed in the office of the register of deeds, was in fact filed." *Bessey* v. *Vose,* 73 Maine, 217.

If an attachment of real estate is not valid unless the officer's return shows the filing of the copy in the registry of deeds, surely a seizure made under a provision of the statute using the same language, cannot be valid, unless the officer's return shows that the necessary certificate was filed with the register of deeds. This is the one thing which distinguishes a seizure of real estate upon execution in the case where there is no subsisting attachment, from a seizure where the attachment made on the original writ has not yet expired.

No return was ever, in fact, made of this seizure, to the registry

of deeds, and it is not, therefore, a question solely of a deficient return, but it is, in fact, a failure to do some of the acts made necessary by the statute as preliminary to a valid sale of real estate upon execution.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J. The contention is whether the sale of the land in controversy on execution, by the officer, was valid and sufficient to vest the title in plaintiff's grantor.

Sales by an officer are in invitum, and his return must show compliance with the statute requirements. Here the officer returns that he seized the land on February 21, 1893, and on the same day posted the required notices and within the time limited by statute advertised notice of sale, and sold the property on April 8, 1893; but his return does not show that within five days after the seizure he filed in the registry of deeds, " an attested copy of so much of his return on the execution as relates to the seizure, with the names of the parties, the date of the execution, the amount of the debt and costs named therein, and the court by which it was issued ", as provided by R. S., c, 81, § 59. It is claimed that this omission is fatal. No other objection is raised.

The officer must first seize the land. If it is proposed to make an extent upon it, the seizure is regarded as complete and the extent commenced when the appraisers are chosen and sworn. *Allen v. Portland Stage Co.,* 8 Maine, 210; R. S., c. 76, § 22.

If proposed to sell a right of redemption, " the seizure on execution is considered made on the day when notice of the sale is given". R. S., c. 76, § 38.

Prior to the enactment of c. 80 of the statute of 1881, now incorporated in R. S., c. 76, § 42, unincumbered land could not be sold on execution. By that statute such real estate may be sold " as rights of redeeming real estate mortgaged, are taken on execution and sold ". The seizure in such case is deemed complete when the notice of sale is given. Subsequent proceedings relate to the

time of seizure, and the sale may in fact be made after the return day of the execution, if the seizure was during its life. R. S., c. 76, § 38.

Prior to the statute, c. 241 of the laws of 1880, now contained in c. 81, § 59, R. S., no record of a seizure on execution was required for any purpose. If the seizure was made by posting notice, in case of sales of equities, or by choosing and having sworn the appraisers, in case of an extent,—and these proceedings were followed to completion as provided by law,—the title of the judgment debtor passed as of the date of the seizure; all intervening attachments or conveyances were cut off. *French* v. *Allen*, 50 Maine, 437. But it was obvious that after such seizure, and before sale or extent, the debtor might convey the land to a bona fide purchaser, who had no knowledge of the seizure and no means of acquiring it, and such purchaser might find his title invalid, as a result of a subsequent sale or extent upon the land.

To obviate this danger, and to afford protection to innocent parties, the statute was amended so as to provide, as it now does, that "no seizure of real estate on execution, where there is no subsisting attachment thereof made in the suit in which such execution issues, creates any lien thereon," unless recorded within five days. It will be observed, that a record of seizure is not required, if there was an existing attachment, because the record of that would be notice of the incumbrance. As against the judgment debtor, the seizure is good, if not recorded, but it does not create a lien which may displace subsequent bona fide purchasers without notice. That such is the true construction of the statute is apparent from the later language of the same section, that if the copy of the officer's return is "not so filed the seizure takes effect from the time it is filed." The same provision is made as to recording attachments. In neither case is the attachment or seizure declared invalid, if not recorded within five days, nor is a new attachment or seizure required, but the protective lien attaches when the record is made, deriving its vitality from the antecedent seizure or attachment. The record is important to protect innocent parties; it is of no importance to the debtor. He does not

suffer if a record is never made, nor can he be injured by a subsequent sale or extent upon the land, under an unrecorded seizure.

As against this defendant, the judgment debtor, the seizure and sale in this case were sufficient to vest the title in the purchaser, the plaintiff's grantor, although the seizure was not recorded in the registry of deeds. It would be otherwise as against a bona fide purchaser, after the seizure and before the sale, who had no notice of the seizure on execution. *Houghton* v. *Bartholomew*, 10 Met. 138, approved by this court in *Hobbs* v. *Walker*, 60 Maine, 184; *Bagley* v. *Bailey*, 16 Maine, 154. In *Carleton* v. *Ryerson*, 59 Maine, 438 and *Bessey* v. *Vose*, 73 Maine, 217, the rights of innocent parties were involved.

Registry laws are designed for the protection of innocent parties, and should be so construed as to effect that object, and not operate an injustice. In this view the courts have very generally held that actual notice of a prior conveyance or other infirmity of title is equivalent to registry. *Houghton* v. *Bartholomew*, supra.

The ruling excepted to was in accordance with these views.

*Exceptions overruled.*