GEORGE K. COOK *vs.* DANIEL S. CURTIS ET ALS.

Waldo.    Opinion December 11, 1925.

*The legal title and right of possession are vested in the mortgagee, subject to defeasance, upon delivery of a mortgage of real property, unless otherwise agreed, and mortgagee may take possession either before or after breach of condition, in absence of any express or implied stipulation to the contrary.*

*Unlawful breaking and entering is the gist of the action of quare clausum and the burden of proof is upon the plaintiff; hence a mortgagor not entitled by agreement, expressed or implied, to retain possession, cannot maintain trespass quare clausum against the mortgagee who enters under his mortgage, and the motive or purpose of entry is immaterial.*

In the instant case the mortgage was in usual form containing no agreement for possession by the mortgagor. The defendants had the right to enter as mortgagees, and the law presumes their entry to be in that character and under that title. The fact that the mortgagees obtained a void deed of the timber cut does not rebut this presumption.

If the cutting of timber be waste, recovery cannot be had in this form of action, nor can this declaration be amended to sound in case.

On exceptions. An action of trespass quare clausum to recover damages to real property by cutting and removing trees by defendants. A plea of the general issue was filed, with a brief statement alleging justification for two reasons: (1) that they were mortgagees and had a right to enter as such: (2) that they were justified in entering and cutting the trees under a bill of sale of the standing trees given by James H. Cook, father of the plaintiff, who was the mortgagor in the mortgage under which the defendants claimed they had a right to enter. At the conclusion of the evidence by the plain-

tiff the presiding Justice ruled that the defendants were not justified in entering and defendants excepted. Exceptions sustained.

The case sufficiently appears in the opinion.

*Andrews, Nelson & Gardiner,* for plaintiffs.

*Clyde R. Chapman,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

STURGIS, J. Trespass quare clausum for entering and cutting trees on land owned by the plaintiff as purchaser of the equity of redemption from the original mortgagor. The defendants are mortgagees under a purchase money mortgage given by the plaintiff's grantor, and in their brief statement set up this fact as a bar to the action. At the trial the presiding Justice ruled, for the purpose of the trial, that the fact the defendants were mortgagees did not justify this alleged trespass, and the case is before this court on the exception taken to this ruling. Other exceptions taken at the trial are not pressed and need not be considered.

The bill of exceptions discloses that on November 14, 1921, James H. Cook, of Montville in Waldo County, bought a parcel of land with the buildings thereon, situated in Montville, and on the same day mortgaged the premises to the three defendants in this suit. The mortgage, in the usual form, but containing no agreement as to possession by the mortgagor, was duly recorded in Waldo Registry of Deeds. On April 10, 1922, the mortgagor conveyed the premises, subject to this mortgage, to the plaintiff in this action, and that deed was duly recorded on the same day. Nearly twenty months later the mortgagor, without any authority from his vendee, the owner of the equity, conveyed to the defendant, Daniel S. Curtis, by deed dated December 1, 1923, all soft wood and poplar standing on the premises. The consideration of this conveyance was fifty dollars, and was paid by crediting that sum upon the mortgage. Two weeks later, December 15, 1923 according to the declaration, the defendants entered the premises and cut and carried away thirty-five (M) thousand feet of standing timber. The bill of exceptions states, and we must therefore assume, the entry was peaceable, the conditions of the mortgage had been broken, and the breach continued at the time of the entry.

It is familiar and settled law in this State, that upon the delivery of a mortgage of real property, the legal title and right of possession, unless otherwise agreed, vest in the mortgagee subject to the defeasance, *Allen Co.* v. *Emerton et al.,* 108 Maine, 221, 224; *Am. Ag. Chem. Co.* v. *Walton,* 116 Maine, 459. Hence, in the absence of any express or implied stipulation to the contrary, the mortgagee has the right to take possession of the mortgaged property at any time either before or after breach of condition. *Brastow* v. *Barrett,* 82 Maine, 456; *Bank* v. *Wallace,* 87 Maine, 28; *Am. Ag. Chem. Co.* v. *Walton.* supra; R. S., Chap. 95, Sec. 2. The gist of the action of quare clausum is the unlawful breaking and entering, and all other allegations are simply laid as aggravations of the trespass. It is, therefore, incumbent upon the plaintiff to prove such unlawful entry. *Dingley* v. *Buffum,* 57 Maine, 379; *Hatch* v. *Rose,* 107 Maine, 184; *Rangeley* v. *Snowman,* 115 Maine, 412, 416.

It is also settled law in this State that a mortgagor, not entitled by agreement, express or implied, to retain possession, cannot maintain trespass quare clausum against a mortgagee who enters under his mortgage. *Blaney* v. *Bearce,* 2 Maine, 132; *Gilman* v. *Wills,* 66 Maine, 273; *Jones* v. *Smith,* 79 Maine, 446. The same rule obtains in New Hampshire. *Chellis* v. *Stearns,* 22 N. H., 312; *Furbush* v. *Goodwin,* 29 N. H., 321. Also in Massachusetts. *Lackey* v. *Holbrook,* 11 Met., 458. As is said in Jones on Mortgages, 3d. Ed., Vol. 1, Sec. 675: ''The gist of the action is unlawful entry, but the entry of the mortgagee in such case is lawful.''

The motives or purposes for which the entry is made are not material. In the instant case the mortgagees had a right to enter the premises for breach of condition, or regardless of breach under the statute. (R. S., Chap. 95, Sec. 2). ''If (they) had a right to enter for such purpose, the entry was lawful, though (they) entered without executing their purpose or even for other purposes.'' *Blaney* v. *Bearce,* supra. Breaking and entering by the mortgagee to effect a real estate attachment was held to be justified by the mortgage in an action of quare clausum by the mortgagor in *Lackey* v. *Holbrook,* supra. In *Chellis* v. *Stearns,* supra, it is held, ''no beneficial results are likely to follow from holding that a man may justify his entry upon mortgaged premises or not according to the motives or purposes which lead to it.''

The decision in *Marden* v. *Jordan*, 65 Maine, 9, is not in conflict with these conclusions. In that case the evidence clearly indicated that the mortgagor was in possession of the mortgaged premises, not under the mortgage, but by virtue of a contract with the mortgagee creating the relationship of landlord and tenant between the parties. The action of quare clausum fregit was sustained as an action by a tenant against his landlord, not as mortgagor against mortgagee.

In this case, the deed from the original mortgagor to the defendants, attempting to convey the standing timber was a nullity. They acquired no rights or relationships under it. They remained as before, mortgagees only. The plaintiff's rights were not affected by it, and his status in this action is that of a mortgagor and no more. The rule in *Marden* v. *Jordan* does not apply. The defendants had the right to enter as mortgagees, and the law presumes their entry to be in that character and under that title. *Benson* v. *Bowles*, 8 Wend. (N. Y.), 175; *McGrady* v. *Miller*, 14 Vt., 128. The case as stated in the bill of exceptions is barren of facts rebutting this presumption. We think the fact that the defendants were mortgagees is a defense to the action, and the ruling in the court below to the contrary is error.

The plaintiffs, however, contend that though the entry be lawful, the cutting of the timber was waste, for which an action on the case will lie, and urge that the suit be treated as case in the nature of waste, and recovery allowed. This transformation cannot be accomplished. A mortgagee is undoubtedly liable for waste; *Whiting* v. *Adams*, 66 Vt., 679; 25 L. R. A., 598; Jones on Mortgages, Vol. 2, Sec. 23; 19 R. C. L., 331; Not. 4 Am. St. Rep. 69; and if the cutting of the timber in this case be waste, which cannot be determined from the facts stated, the defendants would be liable in a proper action. Not in this action, however. The declaration cannot be amended to sound in case. Such an amendment would be more than a matter of form. It would change the nature of the action which is not allowable. *Lawry* v. *Lawry*, 88 Maine, 482.

Upon the foregoing conclusions, the entry must be,

*Exception sustained.*