FIRST AUBURN TRUST CO.

*vs.*

ADA C. BUCK AND MABEL K. WELLMAN.

Androscoggin.      Opinion, November 15, 1940.

*George C. Wing, Jr.*, for plaintiff.
*Frank W. Linnell*, for defendant, Buck.
*Pattangall, Goodspeed & Williamson*, for defendant, Wellman.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MANSER, J.   This case comes forward on report. It is a real action to foreclose a mortgage given by the defendant Wellman to the plaintiff. The defendant Buck claims title superior to that of the plaintiff, by reason of an attachment upon the real estate, subsequent judgment obtained, and the transfer of the real estate to her by sheriff's deed.

The chronology of the various steps in the proceedings is as follows:

*1936*

August    22  Mortgage from defendant Wellman to Trust Co., executed and delivered.

November 28  Attachment of real estate made by officer on writ of defendant Buck, against defendant Wellman.

November 30  Record in Registry of Deeds of real estate mortgage.

December  2  Filing of certificate of attachment in the Registry of Deeds under R. S. 1930, Chap. 95, Sec. 63.

The only issue submitted for determination is whether the real estate mortgage to the plaintiff, recorded after the attachment of the property by the defendant Buck, but before the filing of the certificate of attachment in the Registry of Deeds, takes precedence over the attachment.

The statute, R. S. 1930, Chap. 95, Sec. 63, so far as it relates to the issue, is as follows:

"No attachment of real estate on mesne process creates any lien thereon, unless the nature and amount of plaintiff's demand is set forth in proper counts, or a specification thereof is annexed to the writ, nor unless the officer making it, within five days thereafter, files in the office of register of deeds in the county or district in which some part of said estate is situated, an attested copy of so much of his return on the writ, as relates to the attachment, with the value of the defendant's property which he is thereby commanded to attach, the names of the parties, the date of the writ, and the court to which it is returnable. If the copy is not so filed within five days, the attachment takes effect from the time it is filed, if before the entry of the action, although it is after service on the defendant. . . . Provided, however, that all recorded deeds take precedence over unrecorded attachments."

It is the concluding proviso which is the crux of the matter.

It is the contention of the defendant Buck that the legislative intent was to give precedence to deeds but not to mortgages.

In considering this question, the purpose of the recording acts as judicially ascertained and defined, is valuable in arriving at a conclusion.

It is well stated in *Jordan* v. *Keen*, 54 Me., 417 at 421:

"It is within the memory of many of us, when no record was required of the attachment of real estate. Secret attachments were very common, and often not known or disclosed, until a levy on execution was made. In order to protect, particularly subsequent bona fide purchasers, the Legislature, in 1838, provided for the record of attachments in the registry of deeds. This operated to remedy the chief objection to secret attachments."

This case was decided in 1868. The statute at that time did not contain the proviso in question. That enactment followed in 1873, by P. L. of that year, Chap. 128, in these terms:

"All recorded deeds shall take precedence over unrecorded attachments, and so much of section fifty-six, chapter eighty-one of the revised statutes (1871) as is repugnant to this act, is hereby repealed."

Thus is shown a continuing legislative intent to protect, as practical experience demonstrated to be advisable, the interest of innocent parties without notice of undisclosed attachments. So we find judicial interpretation continues to hold and emphasize that,

"Registry laws are designed for the protection of innocent parties, and should be so construed as to effect that object, and not operate an injustice." *Swift* v. *Guild*, 94 Me., 436, 47 A., 912.

And again,

"The statute is for the benefit and protection of all persons who have any interest in examining the record title to property to which they may thereafter become owner, either in whole or in part, absolutely or otherwise." *Banton* v. *Shorey*, 77 Me., 48.

It is to be borne in mind that, in making an attachment of real estate, there need be no overt act on the part of the officer. He does not go upon the land or make any seizure. He simply writes a return upon the writ itself. No notice need be given to anyone at the time of the attachment, and the statute allows a period of five days

for filing the certificate of attachment in the registry. Meanwhile, the owner may have sold the property to a bona fide purchaser or conveyed it in mortgage as security for money then loaned. As the statute stood before the enactment of the proviso under consideration, no search of the record title, however painstaking and accurate, could guarantee to such purchaser or mortgagee security against an undisclosed attachment already made but not recorded. It was to avoid this result that the proviso was enacted. This is conceded by the defendant as to unconditional deeds, but denied as to mortgages.

When a generic term is used, applying in this instance to "all deeds," and there be literal deficiency because of such generality, then aid is afforded in construction by the history of the statute, the cause for its enactment, the mischief to be cured, the result to be attained, the spirit and intent of the legislation, and whether the term used has acquired a settled meaning through judicial interpretation. *Mansur* v. *Co. Com'rs*, 83 Me., 514, 22 A., 358; *Holmes* v. *Paris*, 75 Me., 559; *Haggett* v. *Hurley*, 91 Me., 542, 40 A., 561; 25 R. C. L., Statutes, Sec. 236.

Enough has been said concerning these elements save as to the doctrine established in this state as to the nature of a real estate mortgage and whether or not it comes within the designation of a deed.

In the ordinary acceptance of the word, a deed is an instrument conveying real property. At common law a mortgage is regarded as a conditional conveyance, vesting the legal title in the mortgagee. Such has been the accepted doctrine in this state since it became a separate commonwealth. *Blaney* v. *Bearce*, 2 Me., 132.

In *Gilman* v. *Wills*, 66 Me., 273, it was pointed out that:

"A mortgage of land, as usually drawn, is in form a deed of warranty with a condition subsequent defining the means by which the grantor may defeat the conveyance. The legal title, therefore, passes immediately upon the delivery of the mortgage; the mortgagee is regarded as having all the rights of a grantee in fee, subject to the defeasance."

Again, in *Cook* v. *Curtis*, 125 Me., 114, 131 A., 204, 205, the court said:

"It is familiar and settled law in this State, that upon the delivery of a mortgage of real property, the legal title and right of possession, unless otherwise agreed, vest in the mortgagee subject to the defeasance, *Allen Co.* v. *Emerton, et al.*, 108 Maine, 221, 224; *Am. Ag. Chem. Co.* v. *Walton*, 116 Maine, 459."

In *Wiring Co.* v. *Electric Light Co.*, 84 Me., 284, 24 A., 848, is found a flat statement, having pertinence, as follows:

"The rule admitting copies of deeds in real actions applies with the same force to mortgages as it does to absolute deeds. The plaintiff's claim is not directly under the mortgage, but under a deed from the mortgagee. A mortgage is a deed."

The mortgagee of real estate has by statute the right to immediate possession of the premises, when there is no agreement to the contrary. R. S., Chap. 104, Sec. 2. If there be a trespass which constitutes an injury to the realty, the mortgagee "can maintain an action of trespass quare clausum, the legal title being in him." *Leavitt* v. *Eastman*, 77 Me., 117.

Accordingly we hold that the recorded mortgage of real estate in this case takes precedence over the unrecorded attachment of the defendant Buck.

The sale on execution was made and the sheriff's deed executed to defendant Buck on February 15, 1940. Consequently by virtue of R. S., Chap. 90, Sec. 40, the right of the defendant Wellman to redeem from such sale has not yet expired. The plaintiff is entitled to a conditional judgment for the amount due under its mortgage against both defendants. Judgment may be entered below accordingly.

*So ordered.*