. JAMES BRADDOCK
*vs.*
OLIVE M. MCBURNIE

Aroostook.   Opinion, April 13, 1956.

*David Solman,* for plaintiff.

*Albert M. Stevens,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J.   CLARKE, J., did not sit.

WEBBER, J.   This was a bill in equity seeking to establish that a deed under which defendant asserted title to real estate was in fact an equitable mortgage. The justice below so found and fixed the terms of redemption. Before us are defendant's exceptions, first to the refusal of the justice below to make certain requested supplemental findings, and second to the final decree.

"Many times the Court has reiterated the rule that an excepting party, if he would obtain any benefit from his exceptions, must set forth enough *in the bill of exceptions* to

enable the Court to determine that the points raised are material and that the rulings excepted to are both erroneous and prejudicial. The bill of exceptions must show what the issue was, and how the excepting party was aggrieved. * * * The bill must be strong enough to stand alone. The Court, in considering the exceptions, cannot travel outside of the bill itself." *Jones* v. *Jones,* 101 Me. 447, 450. The bill of exceptions before us recites the requested supplemental findings and the refusal to make them because, as the court said, of their "having been fully covered in the findings previously filed." We are given no inkling as to how the defendant deems herself aggrieved by this action. Our attention is called to no specific claim of error in law. The same may be said for the general exception to the final decree. This exception sets forth the final decree accompanied only by the general statement that defendant is aggrieved. But how? And what issue is intended to be raised? "It is an elementary principle that no final decree can be extended beyond the allegations in the bill." *Emery* v. *Bradley,* 88 Me. 357, 360; *Usen* v. *Usen,* 136 Me. 480, 487. The bill of exceptions incorporates the bill of complaint in equity and we note that it contains the allegations necessary to establish an equitable mortgage. There is here no lack of jurisdiction such as was made apparent by the bill of exceptions in *American Oil Co.* v. *Carlisle,* 144 Me. 1. We conclude that no issues of law are presented for the consideration of the Law Court by this bill of exceptions.

We gather from the argument of counsel, unassisted by the bill of exceptions, that the real complaint of the defendant is that the justice below found that an equitable mortgage was created but ignored certain allegations in the bill of complaint that the defendant was guilty of fraud at the inception of the transaction. An examination of the original bill suggests that these allegations of fraud may well have been deemed to be mere surplusage and in no way

requisite in a cause involving allegation and proof of an equitable mortgage. Proof of the alleged fraud may have been lacking. It matters not. Any written evidence of conveyance may be shown to have been in reality an equitable mortgage, and the agreement which makes it so may be oral. *Smith* v. *Diplock*, 127 Me. 452; *Norton* v. *Berry*, 120 Me. 536. In essence, this is what the bill alleged. None of the evidence taken before the justice below was made a part of the bill of exceptions, and none is printed in the record before us. We assume the proof. Fraud at the inception was not a necessary element. It is apparent, therefore, that no injustice results from our disposition of this case on purely technical grounds.

*Exceptions overruled.*