**In re Dennis Jay HANSEN, Debtor.**

**Bankruptcy No. 181–00038.**

United States Bankruptcy Court,
D. South Dakota.

Jan. 20, 1982.

Peter J. Buttaro, Aberdeen, S. D., interim trustee pro se.

William J. Pfeiffer, Aberdeen, S. D., for debtor.

Roy A. Wise, Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, S. D., for creditor.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Dennis Jay Hansen, hereinafter Debtor, is in a Chapter 7 bankruptcy. As part of Debtor's bankruptcy, Peter J. Buttaro, Interim Trustee, hereinafter Trustee, filed an objection to Debtor's claimed exempt property. Trustee's objections are Debtor is a single person and, hence, cannot claim a homestead, and Debtor has abandoned the homestead. Sunmark Industries, a major unsecured creditor of Debtor, hereinafter Creditor, joins in Trustee's objections.

In a responsive pleading, Debtor alleges a general denial and asserts a valid homestead exemption.

This Court held a hearing on Trustee's objections and took the matter under advisement. The following Memorandum Decision is based upon the pleadings, exhibits, and memorandums of law.

## FINDINGS OF FACT

The real property in dispute is:

"Lot 10 of Millard's Mina Lake Subdivision; and Outlot 1 of Hoffman & Millard's Outlots 1 and 2; and Outlot 3 of Hoffman and Millard's Outlots, all in the SE¼ of Section 13, Township 123 North, Range 66 West of the Fifth Principal Meridian, Edmunds County, South Dakota."

This property shall hereinafter be referred to as "the lake property."

In the spring of 1972, Debtor, with his wife and five children, built a home on land owned at Mina Lake. Debtor and his family lived there until November, 1978, at which time family problems arose and Debtor took up living quarters elsewhere while his wife and five children lived on the lake property. Debtor and his wife were divorced on approximately November 29, 1979. The divorce decree provided the lake property became the sole property of Debtor. The divorce decree also provided Debtor had to pay child support. The ex-wife and five children purchased a home in Aberdeen. They claim this home as their homestead.

Approximately December 1, 1979, Debtor sold the lake property on a contract for deed to a purchaser. Debtor planned to use the monthly installments to purchase new living quarters. In March, 1980, the purchaser defaulted on his monthly payments.

In September, 1980, the purchaser vacated the lake property and abandoned the contract for deed to Debtor. Since September, 1980, the house on the lake property has been vacant and listed for sale with a local realtor. If sold, Debtor intends to use the proceeds for another residence.

Debtor testified financial problems made it impossible for him to afford to live in his large house because of the high cost of utilities and up-keep. Consequently, Debtor sealed up the house for the winter. During the cold months, Debtor lives in an apartment in town, and during the warm months, lives in a trailer on the lake property. Debtor claims he has made frequent trips to inspect the lake property. No mortgage payments or taxes have been paid since July, 1980. Since the house was vacated, its condition has declined.

On April 24, 1981, Debtor filed a Chapter 7 bankruptcy. Debtor claims a homestead exemption in the lake property in his B–4 schedule.

## TRUSTEE'S AND CREDITOR'S ARGUMENTS

1. A divorced person who does not have custody of his children is not entitled to claim a homestead exemption.

2. Debtor has demonstrated an intent to abandon the lake property because he has not been in actual occupancy.

3. S.D.C.L. 43–31–14 requires occupation, not merely intention.

## DEBTOR'S ARGUMENTS

1. A divorced person who does not have custody of his children, but is required to pay child support, is entitled to claim a homestead exemption.

2. Debtor claims the lake property as his homestead despite the fact he has not

recently occupied it because he cannot financially afford to live there, it is for sale, and its condition has generally declined.

## ISSUES

1. Can a single person claim a homestead exemption in South Dakota.

2. Is a debtor in "actual occupancy" of a homestead when the debtor cannot financially afford to live there, the debtor does not live there but has no other homestead, the debtor has placed the homestead up for sale, and the debtor has let the condition of the homestead decline.

## CONCLUSIONS OF LAW

The South Dakota homestead exemption statute is S.D.C.L. 43–31–1 (Supp.1981). The statute provides:

"The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided in this code, except that a creditor or lien holder of a mobile home classified as a homestead under § 43–31–2 prior to January 1, 1973 shall not be cut off or subject to a homestead exemption. In addition, the homestead of a person seventy years of age or older and the unremarried surviving spouse of such person, so long as it continues to possess the character of a homestead, is exempt from sale for taxes."

For purposes of the homestead exemption, the "family" is defined in S.D.C.L. 43–31–14. The statute provides:

"A widow or widower, though without children, while continuing to occupy the homestead used as such at the time of the death of the husband or wife, or any family, whether consisting of one or more persons in actual occupancy of a homestead as defined in this code, shall be deemed and held to be a family within the meaning of the laws of this state relating to homesteads."

### ISSUE—1

■ Debtor is a divorced person who does not have custody of his children but is required to pay child support. In other words, Debtor is a single person. S.D.C.L. 43–31–1 (Supp.1981) provides a homestead exemption for "every family." S.D.C.L. 43–31–14 provides a family can consist of "one or more persons."

In light of the foregoing statutory analysis, this Bankruptcy Court holds S.D.C.L. 43–31–1 (Supp.1981) and 43–31–14 provide a single person can claim a homestead exemption.

### ISSUE—2

■ Neither Creditor nor Trustee disputes the fact Debtor had a homestead interest in the lake property prior to the divorce. Creditor and Trustee contend Debtor's alleged conduct after the divorce results in an abandoned homestead.

Trustee contends Debtor's conduct demonstrates an intent to abandon the homestead. Creditor maintains intent is irrelevant and argues Debtor's conduct does not meet the statutory requirement of "actual occupancy."

Neither our State Supreme Court nor legislature has defined "actual occupancy." But our Supreme Court has held the primary consideration on the issue of abandonment is the intent of the debtor who has ceased to occupy the homestead.[1] Since 1972, Debtor has always maintained the lake property was his homestead and claims no other homestead. Debtor contends financial difficulties have prevented him from continuing his residence at the lake property.

Trustee argues Debtor's conduct manifests a contrary intent. The conduct Trustee complains about is:

1) Debtor sold the property on a contract for deed to a purchaser.

2) Since getting the lake property back from the purchaser due to default on payments in September, 1980, Debtor has not lived in the homestead house.

1. *Yellow-Hair v. Pratt*, 44 S.D. 136, 140; 182 N.W. 702, 703 (1921).

3) Debtor has placed the homestead up for sale.

4) Debtor has let the condition of the homestead decline.

Our Supreme Court has held in certain circumstances the fact a debtor moves from the homestead property and resides elsewhere is not an indication of abandonment. Some of these circumstances are:

1) When a debtor resides elsewhere for purposes of work or health;[2]

2) When a debtor has been trying to sell the homestead;[3]

3) When a debtor has claimed no other homestead;[4] and

4) When a debtor lives elsewhere because of financial difficulties.[5]

This Bankruptcy Court finds the purpose of any exemption statute is to provide improvident debtors the necessities of life for a fresh start. In order to give effect to the fresh start policy, this Court finds exemption statutes should be given a liberal construction.

In light of the foregoing, this Bankruptcy Court holds Debtor has not demonstrated an intent to abandon his homestead when he resides elsewhere because of financial difficulties, he claims no other property as his homestead, he puts the homestead up for sale, and Debtor has manifested an intent the lake property is his homestead.[6]

The foregoing shall constitute Findings of Fact and Conclusions of Law of the Court, and Attorney Pfeiffer shall submit an order consistent with this Court's Decision.

---

**2.** *Yellow-Hair v. Pratt*, 41 S.D. 190, 195; 169 N.W. 515, 516 (1918).

**3.** *Yellow-Hair v. Pratt*, 44 S.D. 136, 144; 182 N.W. 702, 705 (1921).

**4.** *Warner v. Hopkins*, 42 S.D. 613, 619; 176 N.W. 746, 748 (1920).

**5.** Id. at 619; 176 N.W. at 748.

**6.** This Bankruptcy Court would like to thank Fred Winkler, the author of a law review article entitled, "Creditors and the South Dakota Homestead Exemption," 17 S.D.L.Rev. 483 (1972), for the guidance his article offered in the research of the issues involved in this case.