**In re Richard R. ROBERTS, Debtor.**

**Bankruptcy No. 282–00283.**

United States Bankruptcy Court,
D. Maine.

Jan. 7, 1983.

398

Roderick Rovzar, Portland, Me., for debtor.

Dennis Bezanson, South Portland, Me., for trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee objects to the debtor's claimed exemption in an interest in a mortgage in the principal amount of $5,000.00. The mortgage note is secured by a mort-

gage deed on the real estate where the debtor's ex-wife and children reside. The debtor claims a homestead exemption in the proceeds of the mortgage as an interest "in real or personal property . . . a dependent of the debtor uses as a residence." [1]

The debtor and his former wife, Terry L. Roberts, were divorced in 1981. Prior to the divorce, they jointly owned a home in Yarmouth, Maine. At the time of the divorce, the debtor conveyed his interest in the premises to his ex-wife, and she executed a note to him in the principal amount of $5,000.00. The note is secured by a mortgage on the house in Yarmouth which is properly recorded in the Cumberland County Registry of Deeds. The $5,000.00 is payable on the soonest to occur of the following events: the sale or transfer of the real estate, the death or remarriage of Terry Roberts, or the eighteenth birthday of the debtor's youngest child. None of the above described events have occurred.

The debtor pays child support for the benefit of his five children who live with their mother at the house in Yarmouth. The debtor did not reside at the house in Yarmouth when his petition was filed and does not presently reside there.

The issue presented is whether a mortgagee's interest in real estate where his dependents reside is an interest "in real or personal property" within the meaning and intent of Maine's homestead exemption statute. The facts in this case differ from those in a case recently decided by this court, *In re Precourt,* No. 281–00498, (Bkrtcy.D.Me. Oct. 1, 1982) where the court concluded that the debtors were not entitled to claim a homestead exemption in a mortgage on real estate because neither they nor their dependents resided there. In the instant proceeding, the court must focus

1. Me.Rev.Stat.Ann. tit. 14, § 4422 (Supp.1982–1983), provides in part:

The following property is exempt from attachment and execution.

1. **Residence.** The debtor's aggregate interest, not to exceed $7,500 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor, provided that if the debtor's interest is held jointly with any other person or persons, the exemption shall not exceed in value the lesser of $7,500 or the product of the debtor's fractional share times $15,000.

on the nature of the mortgagee's interest in the real estate.

 Maine has adopted the title theory of mortgages which provides that a mortgage is a conditional conveyance that vests legal title in the mortgagee. *Martel v. Bearce,* 311 A.2d 540 (Me.1973); *Smith v. Varney,* 309 A.2d 229 (Me.1973); *First Auburn Trust Co. v. Buck and Wellman,* 137 Me. 172, 16 A.2d 258 (1940); *Cook v. Curtis,* 125 Me. 114, 131 A. 204 (1925). Although legal title to mortgaged real estate vests in the mortgagee, the mortgagee is not entitled to all the incidences of ownership unless the mortgage obligation is breached and he subsequently takes possession. The concept that legal title to the real estate vests in the mortgagee is intended only as security for the debt. *Wilkins v. French,* 20 Me. 111, 117 (1841); *Hammatt v. Sawyer,* 12 Me. 424, 427 (1835). A mortgagee's limited interest in real estate has been described by the Maine Supreme Judicial Court:

> At common law a mortgage of real estate is regarded as a conveyance in fee, which title is defeasible by the performance of the mortgage obligation. Nevertheless, the mortgagee is not in a general sense the owner of the mortgaged estate before foreclosure. His interest is not, in fact, real estate, but he is entitled to have it treated as such so far as it may be necessary to enable him to protect his security. As to the rest of the world, the entire estate is in the mortgagor.

*Pettingill v. Turo,* 159 Me. 350, 359, 193 A.2d 367 (1963).

 Under Maine law, the debtor has an interest in the real estate only as security for the mortgage obligation. The mortgage obligation has not been breached, and, therefore, the entire estate remains in the mortgagor, Terry Roberts. The debtor has no interest in real or personal property that a dependent of the debtor uses as a residence.[2] The debtor is not entitled to claim a homestead exemption.

An appropriate order will be entered.

**2.** The court in *In re Hicks,* 3 B.R. 459, 1 C.B. C.2d 963 (Bkrtcy.N.D.Ohio 1980) applied Ohio law to facts substantially similar to those in the instant proceeding and concluded that the debt-

or was not entitled to a homestead exemption in a promissory note secured by a mortgage on real estate where the debtor's ex-wife and child resided.