Matthias, J.
 

 The only question presented is whether the provisions of Section 11663-1, General Code, are applicable and by virtue thereof the judgment is unenforceable as to the amount unsatisfied from the proceeds of the mortgage foreclosure. Section 11663-1, General Code, reads (in part) as follows:
 

 “Any judgment for money rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, upon which real property there has been located a dwelling or dwellings for not more than two families which has been used in whole or in part as a home or farm dwelling or which at any time was or is now held as a homestead by the person who
 
 *372
 
 executed or assumed such mortgage or other instrument, or which has been held by such person as a home-site, shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property, completed subsequent to the rendi- ' tion of such judgment, or after August 19,1939, whichever shall be later. * *
 

 The property to which the exemption provision is applicable is “a dwelling
 
 * *
 
 * which
 
 has been used
 
 * * * as a home or farm dwelling or which at any time was or is now held as a homestead by the person who executed or assumed such mortgage * * # or which has been held by such person as a homesite.” (Italics ours.)
 

 It is to be observed that although the defendant at the time he purchased such dwelling contemplated its use and occupancy as a home for himself and his parents at some time in the future, neither he nor his parents ever did reside therein, but on the contrary all moved to a foreign country within a few months after the purchase of the property. The defendant never during the existence of the mortgage or at any time used such dwelling as a home.
 

 It is contended, however, that the statutory exemption applies because the dwelling in question “has been * * * held as a homestead by the person who executed or assumed such mortgage.” The Century Dictionary defines “homestead” as “A family’s dwelling place, with the inclosure or ground immediately contiguous; an abode; a home.” We may dismiss any contention that the premises constituted a “homesite” by quoting Webster’s New International Dictionary definition: “A location suitable for a home.”
 

 The term “homestead” therefore contemplates occupancy as a dwelling place, and therefore in order to
 
 *373
 
 hold a dwelling place as a “homestead” it must at some time have been occupied as a home by one who claims the benefit of the exemption.
 

 The language employed in a statute must be accorded its common, ordinary and usually accepted meaning in the connection in which it is used, and statutory provisions are to be given a fair and reasonable construction in conformity to their general object in order to effectuate such object and purpose. The purpose of the statute under consideration quite obviously was only to protect and safeguard the interests of home owners and owners of homesites and embraces only those who had used the encumbered property as a home during the existence of the mortgage, or, having actually occupied it as a home, continued to hold it as a homestead. It is to be observed that the exemption does not apply where the residence is held as a homestead for a future home or homestead.
 

 In determining the meaning and application of the words employed by the law-making body in the statute in question, we may properly look to statutory provisions, long in effect, dealing with the subject of homesteads.
 

 Premises that have not been occupied as a home or dwelling place have not been impressed with the character of a homestead and can not be claimed as such. To constitute a homestead under' the statute there must be residence, actual or constructive. 20 Ohio Jurisprudence, 991, Section 23;
 
 Gibson
 
 v.
 
 Mundell,
 
 29 Ohio St., 523, 527.
 

 Mere intention to occupy premises as a home at some future time without residence or occupancy is insufficient to establish a homestead.
 
 Currier
 
 v.
 
 Wood
 
 ward, 62 N. H., 63;
 
 Fort
 
 v.
 
 Powell,
 
 59 Tex., 321.
 

 Where premises have never been used or occupied as a homestead the right thereto can not be acquired
 
 *374
 
 by a mer,e intention to nse them as such at some indefinite future time.
 
 Keyes
 
 v.
 
 Bump’s Admr.,
 
 59 Vt., 391, 395, 9 A., 598. See, also, 40 Corpus Juris Secundum, page 456, Section 29, and 26 American Jurisprudence, 49, Section 78.
 

 It follows that tbe judgment of tbe Court of Appeals should be and is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.