**In re Joseph T. CAMERON and Rita M. Cameron, Debtors.**

**Bankruptcy No. 81–02760.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 3, 1982.

[redacted]

Steven L. Diller, Toledo, Ohio, for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Objection of Household Finance Corporation to Debtors' Claim of Exemptions. The parties submitted a Stipulation of Facts to the Court for its decision. Although the Court granted the parties time in which to brief the issue, no briefs have been filed. Therefore, this Opinion is based upon the law as it applies to the stipulated facts.

The Court finds the stipulated facts as follows:

1.) This case was commenced by a filing on the 17th day of December, 1981, of a voluntary petition for relief under Chapter 7 of Title XI of the United States Code.

2.) On the date of the filing, the Debtors were not living in the homestead which they claimed exempt on their schedule B–4 due to fire damage.

3.) Subsequent to the filing, and during the pendency of this case, the Debtors moved back into the homestead and are presently residing there.

The issue before this Court is whether or not the Debtors may claim a homestead exemption in a house which they were not living in on the date of filing because of fire damage.

Since Ohio opted out of the Federal exemptions in the Bankruptcy Code, the Ohio homestead exemption can be found in Ohio Revised Code Section 2329.66(A)(1) and states the following:

"Section 2329.66 Property that person domiciled in this state may hold exempt (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." (Emphasis added.)

 Exemptions are to be assessed and recognized as of the date of the filing of the petition. On the date this petition was filed, the Debtors were not physically occupying their home because fire damage had made it uninhabitable. It was necessary to repair the damage before the Debtors could return. The Debtors' attorney stated to the Court that the Debtors lived in the house prior to the fire and considered it their home. After the fire damaged was repaired, the Debtors planned to return to their home, and did so upon the completion of the repairs.

The only case law on this subject interpreting the Ohio law are the cases of Matter of Cottingim, 7 B.R. 56 (Bkrtcy.S.D.Ohio 1980), and Mutual Building and Investment Co. v. Efros, 152 Ohio St. 369, 40 Ohio Ops. 389, 89 N.E.2d 648 (1949).

The Cottingham case presents the legal proposition that in liberally construing the exemption statute in a light most favorable to the Debtors, the Court should recognize a constructive occupancy. Bankruptcy Judge Anderson stresses that the critical consideration is whether or not the premises have been used as a homestead with a continued present intention to occupy the premises at a definite future time as proposed by the Efros case, supra. However, "where premises have never been used or occupied as a homestead the right thereto cannot be acquired by a mere intention to use them as such at some indefinite future time..." Efros, 89 N.E.2d at 651 (citations therein omitted).

This Court has been presented with no evidence or allegations that the Debtors have intended to defraud, therefore the Court finds that the Debtors were merely temporarily displaced from their home, but continued their intent to retain the structure as their home. This intent was subsequently carried out when they moved back into the house.

This Court has decided cases where the facts, like those in the Cottingham case,

supra, indicated either no past residency, or no present intent to use the residence as such in the foreseeable future. In those cases, this Court has denied the exemption as Bankruptcy Judge Anderson did in *Cottingham*. However, as previously explained, the mere fact that these Debtors did not actually reside within the dwelling on the date of the petition is not solely dispositive of the issue. The intent of the Debtors and their subsequent conduct are also factors to be taken into consideration.

It is therefore ORDERED, ADJUDGED and DECREED that the Objection to Debtors claims of the homestead exemption is hereby OVERRULED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.