**In re Melvin Elias COPE, Debtor.**

**Bankruptcy No. 87–00620.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 19, 1987.

D. Bowen Loeffler, Port Clinton, Ohio, Trustee in Bankruptcy.

Duglas K. Jordan, Rossford, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Trustee's Objection to Debtor's Claim of Exemption. At the Hearing, the parties agreed that the Trustee's Objection to the Debtor's homestead exemption was primarily an issue of law. Both parties filed Memoranda on the subject, and submitted a stipulation as to the relevant facts. The Court has reviewed the Stipulation, the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Debtor's Claim of Exemption should be Allowed.

## FACTS

The parties have submitted the following stipulation:

## STIPULATED FACTS OF THE CASE

The stipulated set of facts that govern the issues of this case are that the Debtor, Melvin E. Cope filed a petition in bankruptcy in the United States Federal Bankruptcy Court for the Northrn District of Ohio—Western Division on March 27, 1987. Under the B–4 exemption schedules, the debtor claimed a homestead exemption of $5,000.00 in a house he owned located at 3046 Pickle Road, Oregon, Ohio pursuant to O.R.C. 2329.66(A)(1).

Thereafter, on March 30, 1987 the debtor moved from and abandoned the property mentioned above.

The Trustee filed an objection to the homestead exemption claimed by Debtor on the grounds that the Debtor was not and is not using the real estate located at 3046 Pickle Road as a residence.

## LAW

The Trustee does not appear to dispute that the house in question was used as the Debtor's residence at the time of the filing of the Petition. Rather, the Trustee takes the position that the Debtor is not entitled to the claimed exemption because the Debtor abandoned the house three (3) days after filing for Bankruptcy. Debtor's counsel disagrees, arguing that the Debtor fulfilled the exemption requirements.

Ohio has elected to "opt out" of the federal exemptions pursuant to 11 U.S.C. § 522(b). *See* O.R.C. § 2329.662. The Ohio homestead exemption provision is contained in O.R.C. § 2329.66(A)(1), which states:

**2329.66 Property that person domiciled in this state may hold exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence;

In interpreting the Ohio exemption statutes, courts have held that there should be a general rule of liberality. In effect, when there is a doubt as to the intent of the statute, the interpretation should be construed in favor of the Debtor. *Dennis v. Smith*, 125 Ohio St. 120, 125, 180 N.E. 638, 640 (1932); *In re Simon*, 71 B.R. 65 (Bankr.N.D.Ohio 1987); *In re Everhart*, 11 B.R. 770 (Bankr.N.D.Ohio 1981).

Case law strongly supports the proposition that a debtor's right to exemptions is determined as of the date the Petition is filed. *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Huizar*, 71 B.R. 826, 830 (Bankr.W.D.Tex. 1987); *In re O'Brien*, 67 B.R. 317, 319 (Bankr.N.D.Iowa 1986); *In re Brzezinski*, 65 B.R. 336, 339 (Bankr.W.D.Wis.1985); *In re Patterson*, 64 B.R. 120, 123 (W.D.Wis. 1986); *In re Eckols*, 63 B.R. 523, 526 (Bankr.N.D.Ala.1986); *In re Bernstein*, 62 B.R. 545, 550 (Bankr.D.Vt.1986); *In re Red*, 60 B.R. 113, 116 n. 1 (Bankr.E.D.Tenn. 1986); *In re Kolsch*, 58 B.R. 67, 69 (Bankr. D.Nev.1986); *In re Grosso*, 51 B.R. 266, 271 (Bankr.D.N.M.1984); *In re Sajkowski*, 49 B.R. 37, 39 (Bankr.D.R.I.1985); *In re Avery*, 41 B.R. 224, 226 (Bankr.D.Vt.1984); *In re Penland*, 34 B.R. 536, 540 (Bankr.E. D.Tenn.1983); *In re Grindal*, 30 B.R. 651, 652 (Bankr.D.Me.1983); *In re Cameron*, 25 B.R. 119, 120 (Bankr.N.D.Ohio 1982); *In re Tarrant*, 19 B.R. 360, 364 (Bankr.D.Alaska 1982); *Matter of Hahn*, 5 B.R. 242, 245 (Bankr.S.D.Iowa 1980).

The Trustee argues that this Court's Opinion in *In re Cameron*, 25 B.R. 119 (Bankr.N.D.Ohio 1982) holds that where the Debtor resides at the time of the filing of the Petition is not "solely dispositive of the issue", and that the Court can look to the Debtor's subsequent conduct in determining if the exemption provision is applicable. In the context of *Cameron*, those statements are correct.

In *Cameron*, the Debtors' house had been damaged by fire. The Court considered the question of whether the Debtors could take their homestead exemption on the house when they did not live in it at the time the Petition was filed. The subse-

**428**

quent conduct of the Debtors, in moving back into the house after it was repaired, was considered as evidence of their intention to return to the house and resume residence. *Cameron* stands for the proposition that absence from a residence at the time of filing is not always sufficient, in itself, to extinguish the Debtors' right to utilize the homestead exemption provision. The *Cameron* decision does not support inquiry into a debtor's intention to *remain* (rather than return) when the debtor is residing in the premises at the time of filing.

■ It appears that when residence has been established, it continues until the property is abandoned. "Abandonment" consists of both actually leaving the premises, and an intent to abandon. A mere intent to abandon the property at some future time does not end a debtor's use of the property as a residence. This is consistent with older Ohio cases interpreting the term "homestead" rather than "residence". *McComb v. Thomason*, 42 Ohio St. 139 (1884); *Home Banking Co. v. Huffman*, 14 Ohio Dec. 225, 1 Ohio N.P.(N.S.) 349 (C.P.1903). Other Bankruptcy Courts have also held that a debtor's intention to leave the property at some future time cannot establish a present abandonment. *In re Bernstein*, 62 B.R. 545, 549 (Bankr. D.Vt.1986); *In re Sikkink*, 60 B.R. 298, 300 (Bankr.D.Minn.1986). The same approach is used in cases involving domicil. *See* 25 Am.Jur.2d *Domicil* § 18.

The language of the statute also supports allowing the Debtor's exemption. The statute states that the exemption applies to property that a person or a dependent of the person "uses as a residence". When this language is coupled with the fact that a debtor's right to exemptions is determined as of the date the Petition is filed, the Court must find that an intent to abandon the property in the future does not defeat the exemption. *But see Matter of Pagan*, 66 B.R. 196 (Bankr.N.D.Ohio 1986) (Debtor living in premises on date of filing, but not before or after. Exemption not allowed.)

■ In this case, the Debtor has lived in the house for a number of years prior to the filing of the Bankruptcy Petition. Clearly, the Debtor had established residence. Thus, without the concurrence of both the act of abandonment and the intent to abandon, the Debtor's occupancy of the house continued his residence status during the time the Petition was filed.

■ As part of his Objection to the Exemption, the Trustee has also argued that due to the Debtor's abandonment of the property, the Trustee and the secured creditor had to locate and secure the property, and hire a real estate agent to sell it. First, if there is no equity in the property above the first mortgage, the property should have been abandoned by the Trustee. Second, if the Debtor's conduct rises to the required level, the Trustee can bring a Complaint to deny or revoke the Debtor's discharge. In this case, denial of the Debtor's homestead exemption is not a proper remedy.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Trustee's Objection to Debtor's Claim of Exemption be, and is hereby, DENIED.

It is FURTHER ORDERED that the Debtor's Claim of Exemption be, and is hereby, ALLOWED.