CITY OF SOLON, Appellee,

v.

GRAY, Appellant.

[Cite as *Solon v. Gray* (1995), 103 Ohio App.3d 558.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67023.

Decided May 22, 1995.

*Blair N. Melling,* Solon Prosecuting Attorney, for appellee.

*Sander Schwartz,* for appellant.

DYKE, Judge.

Appellant was the owner of a fitness club in the city of Solon. He was cited for failure to acquire a permit for the balloon and the attached pennants, which announced the opening of the fitness club. The balloon was attached to a maintenance vehicle parked in the lot of the club. Appellant pleaded no contest to the charge before the Bedford Municipal Court judge. He was found guilty, fined $100 and sentenced to thirty days in jail. The fine was suspended after appellant was found to be indigent. Twenty-seven days of the sentence were also suspended. The execution of sentence has been stayed pending this appeal.

Appellant asserts one assignment of error.

## I

"The court erred in finding that the balloon constituted a sign as defined in the Codified Ordinances of the City of Solon."

■ Appellant argues that the vehicle to which the balloon was attached does not qualify as a structure, and that therefore the balloon is not a "sign" as defined in the Solon Codified Ordinance:

"As used in this chapter, 'sign' means a structure or part thereof, or any device attached to a structure or painted or represented directly or indirectly on a structure, which shall display or include any letter, work, model, banner, pennant, insignia, device or representation used as, or which is in the nature of, an announcement, direction or advertisement." Solon Codified Ordinances 1484.02.

■ The term "structure" is not defined within the Solon Codified Ordinances. However, the accepted rule of statutory construction holds that "[l]anguage employed in a statute should be accorded its common, ordinary and usually accepted meaning in the connection in which it is used, and statutory provisions should be given a fair and reasonable construction in conformity to their general object in order to effectuate such object and purpose." *Mut. Bldg. & Invest. Co. v. Efros* (1949), 152 Ohio St. 369, 40 O.O. 389, 89 N.E.2d 648, paragraph one of the syllabus.

The general object of an ordinance requiring one to obtain a permit before erecting a sign is to allow the municipality some control over the number and kinds of signs in the city. Interpreting the word "structure" to include a maintenance vehicle in this case accords a common, ordinary meaning to the word as well as effectuating the purpose behind the ordinance.

Appellant's assignment of error is overruled.  The municipal court's decision is affirmed.  The trial court's order of a stay of execution is vacated.

*Judgment affirmed.*

SPELLACY and NUGENT, JJ., concur.