In re Timothy L. DAILEY, Debtor(s).

No. 06–54893.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 15, 2007.

Michael W. Warren, Warren Law Firm, Chillicothe, OH, for Debtor.

### ORDER DENYING AMENDED MOTIONS TO AVOID LIEN

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration upon the Amended Motions to Avoid Liens of Carla Garrett (Doc. # 60), Gerald Parker, Jr. and Julie Parker (Doc. # 61), Randy Garrett (Doc. # 62), Jeff McCalla and Jennifer McCalla (Doc. # 63), Laura Uhrig and David Uhrig (Doc. # 64), Tim Hartsock and Patricia Hartsock (Doc. # 65), Randy Detillion and Cynthia Detillion (Doc. # 66), Mike Secoy and Wesley Bowles (Doc. # 67), Jeff Lehmar and Lisa Wrights (Doc. # 68), and Jeff Walters and Twilla Walters (Doc. # 69) filed by the Debtor Timothy L. Dailey. The Debtor seeks to avoid the described judgment liens on certain real estate which he asserts is subject to the homestead exemption under Ohio law.

At a hearing held on January 30, 2007, the Court heard testimony from the Debtor regarding his intentions to establish homestead on property located at 34 Wisteria Way, Chillicothe, Ohio 45601 (hereinafter called "the Property"). Having considered the Motions, the evidence presented and being otherwise duly advised, the Court finds and concludes as follows:

The Debtor currently resides at 410 S. Market Street, Waverly, Ohio. From the Fall of 2001 through Spring of 2005, the Debtor lived in a home located at 625 Oneida Road, Chillicothe, Ohio, with his wife and son. Planning for their future, in mid–2005 they purchased the Property on Wisteria Way in contemplation of building a larger home. The Debtor was then and still is employed by the school district in Chillicothe, where he has worked for approximately 13 years. They thought the Property well suited for them because it is in the school district, it is situated near a local bike path giving them easy access to much of the town, and they liked the area and location. Believing they could save money by moving to a rental unit owned by a relative, which was offered to them rent free, the Debtor and his wife sold their home and moved to Waverly.

The Debtor's initial plan was to save money for a few years and then commence construction of a home on the Property. The Debtor has never bought and sold real estate as an investment venture, nor has he ever bought other property with the intent to live there. The Debtor subsequently became involved in contentious litigation. When it became apparent that the litigation was not going favorably, he borrowed funds and granted a mortgage on the Property, partially for the purpose of protecting the Property from judgment liens.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on September 5, 2006. The Property has a value of approximately $22,000, and there is outstanding a principal balance of approximately $12,000 on the note secured by the first mortgage encumbering the Property. Since the Debtor owns the Property jointly with his wife, his equity in the Property has a value of $5000, which he asserts is exempt by virtue of his intention to make the Property his homestead.

Section 522(f) provides in pertinent part as follows:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); . . . .

Section 522(f) allows avoidance of judicial liens on a debtor's property only if—and to the extent that—those judicial liens impair an exemption to which the debtor would otherwise be entitled. Ohio has elected to opt out of the federal exemptions provided in § 522(d) and has instead enacted its own set of exemptions. The exemption statute provides in pertinent part as follows:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * *

(1)(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Ohio Rev.Code 2329.66(A)(1)(b).

In order to take advantage of the avoidance powers granted by § 522, the subject property must constitute the Debtor's residence, or "homestead". The Ohio Supreme Court has stated that "[t]o constitute a homestead . . . there must be residence, actual or constructive." *Mutual* *Building and Investment Co. v. Efros*, 152 Ohio St. 369, 373, 89 N.E.2d 648, 651 (1949). That court went on to state that where the subject premises "have never been used or occupied as a homestead the right thereto can not be acquired by a mere intention to use them as such at some indefinite future time." *Id.*, 152 Ohio St. at 373–74, 89 N.E.2d at 651.

Recognizing that exemptions are to be liberally construed in favor of the debtor, the court in *In re Lusiak*, 247 B.R. 699 (Bankr.N.D.Ohio 2000), elaborated on the concept of constructive occupancy and held that the residence requirement may be met even in an instance of physical absence from the premises if coupled with an intent to return at some point in the future. However, the *Lusiak* court held that bare allegations of an intent to return to the property are insufficient; the debtor must show external circumstances demonstrating actual intent to return to the premises.

The court in *In re Cottingim*, 7 B.R. 56 (Bankr.S.D.Ohio 1980), also allowed that a debtor can impress property with a homestead exemption without physical occupancy of the premises, if (1) the debtor illustrates a present intention to occupy the premises at some definite future time, and (2) the intention is "accompanied by actual ongoing preparations for the occupancy" which is "substantiated by demonstrative, tangible, physical evidence. . . ." *Id.*, 7 B.R. at 58.

In the instant case, the Property is not even suitable for residential purposes at the present time inasmuch as there is no habitable structure on the property. There is no residence for the Debtor to occupy, and never has been. Under these circumstances, the Court doubts that the Property can be properly dubbed a homestead. This Court found no Ohio case, nor did the Debtor cite any authority, for the

proposition that a vacant lot can be impressed with a homestead exemption.[1] However, the Court need not decide that today, because although the Debtor insists that he intends to live on the property, he has not illustrated a present intention to occupy the premises at some definite future time, and he is not engaging in any actual ongoing preparations to occupy the Property as a homestead. The Debtor has not commenced building on the property. There is no evidence that he has cleared the Property for purposes of construction, obtained building plans or designed the prospective home, obtained bids on prospective construction, identified a construction contractor, secured financing, signed a construction contract, or undertaken any of the other activities attendant to constructing a residence.

Therefore, the Court finds that the Property is not eligible for homestead exemption and thus, the relief afforded by § 522(f) is not available to avoid the judgment liens on the Property. Accordingly, it is

**ORDERED AND ADJUDGED** that the Debtor's Motions to Avoid the Liens of Carla Garrett (Doc. # 60), Gerald Parker, Jr. and Julie Parker (Doc. # 61), Dwight Garrett (Doc. # 62), Jeff McCalla and Jennifer McCalla (Doc. # 63), Laura Uhrig and David Uhrig (Doc. # 64), Tim Hartsock and Patricia Hartsock (Doc. # 65), Randy Detillion and Cynthia Detillion (Doc. # 66), Mike Secoy and Wesley Bowles (Doc. # 67), Jeff Lehmar and Lisa Wrights (Doc. # 68), and Jeff Walters and Twilla Walters (Doc. # 69) are DENIED.

**IT IS SO ORDERED.**

---

1. The Court did find a few cases from other jurisdictions that support the opposite. *See In re Huffines*, 57 B.R. 740, 741–42 (M.D.Tenn.1985) (denying homestead exemption in property on which no house stood and on which debtor had never resided); *In re Bennett*, 192 B.R. 584, 587–88 (Bankr.D.Me. 1996) (denying homestead exemption in unimproved property, despite efforts over several years to prepare lot for construction by clearing land, dumping and spreading fill, and extending water and sewer service); *In re Cole*, 185 B.R. 95, 97–98 (Bankr.D.Me.1995) (denying homestead exemption in unimproved property on which debtor had never lived, despite articulated intent to move there in the future and installation of a septic tank in preparation thereof).