OPINION
{¶ 1} Plaintiff-appellant, Jeffrey A. Hart ("appellant"), Executor of the Estate of Lorna M. Hart ("decedent"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's motion for summary judgment and *Page 2 
granted the motion for summary judgment of defendants-appellees, Charles Hart and Mary Susan Hart ("appellees").
 {¶ 2} This is an action to enforce a promissory note ("note") that appellees signed pursuant to a loan agreement between appellees and the decedent, who was the mother of Charles Hart and mother-in-law of Mary Susan Hart. Pursuant to the loan agreement, the decedent loaned appellees $278,818.36 on October 5, 1990, and appellees agreed to sign, and did sign, a promissory note payable on demand, with the face amount of $278,818.36, plus eight percent simple interest. Neither the note nor the loan agreement provided for a regular schedule of principal or interest payments.
 {¶ 3} It is undisputed that appellees never made any payments toward the balance due and the decedent never made any demand for payment. Between 1990 and 1997, the decedent filed personal gift tax returns evidencing the discharge of approximately $110,000 of interest due under the terms of the note. On Schedule A attached to each gift tax return, the decedent described the gifts to appellees as "forgiveness of interest" on the note.[1]
 {¶ 4} Following the decedent's death, appellant was appointed the executor of the decedent's estate. In September 2006, appellant presented the note and a demand for payment to appellees. Appellees refused to tender payment and, on October 26, 2006, appellant filed the instant action seeking to enforce payment of the note. Appellees answered, asserting the affirmative defense that the applicable statute of limitation barred the action. Both parties filed motions for summary judgment addressed to the statute of *Page 3 
limitation issue. By decision dated May 18, 2007, the trial court granted appellees' motion and denied appellant's motion, and by judgment entry dated July 5, 2007, the court dismissed appellant's complaint.
 {¶ 5} Appellant timely appealed and advances one assignment of error for our review:
 The Trial Court erred in granting Defendants' Motion for Summary Judgment based upon the expiration of the statute of limitations.
 {¶ 6} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. If the moving party has satisfied its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 7} We begin by examining the applicable statute of limitation, found in R.C. 1303.16(B). That statute provides, " * * * if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note shall be brought within six years after the date on which the demand for payment is *Page 4 
made. If no demand for payment is made to the maker of a note payable on demand, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."
 {¶ 8} In the summary judgment proceedings below, the dispute between the parties resolved to whether the decedent's gifts of forgiven interest constitute payments for purposes of R.C. 1303.16. The trial court ruled that the gifts did not constitute payments sufficient to toll the statute of limitation. Appellant argues that this was error.
 {¶ 9} Section 1303.01(B)(14) of the Ohio Revised Code provides that, for purposes of R.C. 1303.16, the term "payment" has the same meaning as in R.C. 1303.67. The latter statute provides, in relevant part, "an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument." Appellant argues that the decedent's gifts of forgiven interest, made as late as 1997, tolled the statute of limitation because they are "payments" as defined in R.C. 1303.67. Specifically, appellant maintains, "[t]he payment credits on the Note constituted a payment madeon behalf of the parties obligated to pay the instrument, Charles and Susan."[2] (Emphasis sic.) (Brief of Appellant, 4.)
 {¶ 10} We construe appellant's use of the phrase "payment credits" to refer to the gifts listed on the decedent's gift tax returns for the years 1990 through 1997, and described by her as "forgiveness of interest." Thus, the issue presented by appellant's appeal is whether a creditor's gift in the form of forgiveness of part of a debt not yet due is *Page 5 
a "payment" with respect to the note evidencing that debt, for purposes of R.C. 1303.16(B).
 {¶ 11} The trial court rejected appellant's argument that the decedent's debt forgiveness gifts constituted payments made "on behalf of" appellees, for purposes of R.C. 1303.67. The court reasoned that the concept of "payments," even those made "on behalf of" another, contemplates two parties — a payor and a payee — not a unilateral act. Rather, the trial court determined that the decedent had discharged appellees' obligation to the extent of the interest forgiven, either by cancellation, as provided in R.C. 1303.69(A)(1) or by renunciation, as provided in R.C. 1303.69(A)(2), both of which are unilateral acts taken by the person entitled to enforce the instrument. The trial court focused on the language of R.C. 1303.69(A), which provides:
 (A) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument in either of the following ways:
 (1) By surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, the addition of words to the instrument indicating discharge, or any other intentional voluntary act;
 (2) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.
 {¶ 12} On appeal, appellant argues that the trial court erroneously added to the definition of "payment" the requirement that a payment involve two separate parties — a payor and a payee. He maintains that, because R.C. 1303.67(A) contains no explicit language requiring two parties to a "payment," the decedent's unilateral act of gifting to appellees, by way of forgiveness of interest owed, does constitute a payment sufficient to *Page 6 
toll the statute of limitation. He further argues that the trial court's characterization of the gifts as a cancellation or renunciation was error because the evidence does not support such characterizations.
 {¶ 13} We begin by examining the plain language of R.C. 1303.67(A), which provides, in relevant part, "an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument." The statute does not further define the word "payment" as used therein. "Where a particular term employed in a statute is not defined, it will be accorded its plain, everyday meaning." Sharp v. Union Carbide Corp.
(1988), 38 Ohio St.3d 69, 70, 525 N.E.2d 1386. "Language employed in a statute should be accorded its common, ordinary and usually accepted meaning in the connection in which it is used * * *." Mut. Bldg. Investment Co. v. Efros (1949), 152 Ohio St. 369, 40 O.O. 389,89 N.E.2d 648, paragraph one of the syllabus.
 {¶ 14} "Payment" is defined as, "1. Performance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation. * * * 2. The money or other valuable thing so delivered in satisfaction of an obligation." Black's Law Dictionary (8th Ed.2004) 1165. By this definition, a payment necessarily involves both delivery and receipt. "Delivery" means, "[t]he formal act of transferring something. * * * The giving or yielding possession or control of something to another." Id. at 461. These concepts embodied within the definition of "payment" contemplate the giving of a thing by one to another. Thus, payment, for purposes of R.C. 1303.16, involves two distinct parties — a payor and a payee. As such, it matters not whether the gifting at issue here is characterized as a gift, a renunciation or a cancellation, because all *Page 7 
of these are accomplished by a unilateral act of the creditor — not by the delivery and receipt of value between two separate parties, which is essential for a transaction to constitute a "payment" for purposes of R.C. 1303.67 and 1303.16(B).
 {¶ 15} "The principle on which part payment takes a case out of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due." Schmidt v. Hicks (1928), 28 Ohio App. 413,420, 6 Ohio Law Abs. 662, 162 N.E. 762. A unilateral act by a party other than the debtor, or one authorized to act on his behalf, does not constitute a payment sufficient to take a debt out of the statute of limitation. Id. at 420-421. In this case, the decedent's act of forgiving part of a debt did not involve delivery to herself and receipt from herself, and we fail to see how appellees can be said to have acknowledged the debt through the decedent's unilateral act. Accordingly, we agree with the trial court's conclusion that the decedent's gifts to appellees cannot be considered payments that she made to herself.
 {¶ 16} Each gift may have achieved the same effect as a payment would have-reduction in the amount ultimately owing; but this does not render each gift a payment. As noted earlier, the definition of a "payment" encompasses more than just its effect. It also encompasses delivery by one party and receipt by another, and an acknowledgement by the debtor (or his authorized representative) that the greater debt is owing. Thus, we hold that a creditor's gift to the debtor in the form of forgiveness of part of a debt not yet due is not a "payment" with respect to the note evidencing that debt, for purposes of R.C. 1303.16(B).
 {¶ 17} To hold otherwise would frustrate the purpose of the statute of limitation. Creditors could circumvent the operation of the limitation period by forgiving a small *Page 8 
portion of the amount not yet due under a demand note every ten years, thereby unilaterally reviving the debt at precisely the time when the statute would otherwise extinguish it. Moreover, debtors could take undue advantage of generous creditors who agree to forgive a portion of a debt, by arguing that the forgiveness is a payment that relieves the debtor of liability for a breach. The purpose of statutes of repose is to "put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." Vaccariello v. Smith Nephew Richards,Inc. (2002), 94 Ohio St.3d 380, 382, 763 N.E.2d 160, quoting Crown, Cork Seal Co., Inc. v. Parker (1983), 462 U.S. 345, 352, 103 S.Ct. 2392, 76 L.Ed.2d 628. We cannot countenance an interpretation of "payment" that would frustrate this purpose.
 {¶ 18} For all of the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and KLATT, JJ., concur.
[1] Ex. "D" through "J" attached to appellees' Answer.
[2] In the proceedings below, appellant also argued that the gifts should be treated as "payments" and should toll the running of the statute of limitation because there is evidence that the decedent intended for appellees to eventually pay the full amount of the debt. However, they have abandoned this argument on appeal, and, in any case, creditor intent is irrelevant to the definition of a "payment" because this is a question of law. *Page 1