[Cite as *Pramco CV6, L.L.C. v. Aberdeen Invests., Inc.*, 2014-Ohio-32.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100130**

# PRAMCO CV6, L.L.C.

PLAINTIFF-APPELLEE

vs.

# ABERDEEN INVESTMENTS, INC., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-622242

**BEFORE:** Keough, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 9, 2014

**ATTORNEYS FOR APPELLANTS**

Thomas C. Pavlik
Rochelle L. Paley
Novak Pavlik Deliberato, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 950
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

James A. Amodio
Aaron M. Harrison
Brown, Amodio & Chandler L.P.A.
109 West Liberty Street
P.O. Box 1117
Medina, Ohio 44256

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, James T. Caldwell, Sr. and Barbara J. Caldwell (the "Caldwells"), appeal the trial court's decision denying their motion to void judgment and quash attachment proceedings. For the reasons that follow, we affirm.

{¶3} In 2007, Pramco CV6, L.L.C. filed a foreclosure action against Aberdeen Investments, Inc. ("Abderdeen") and the Caldwells on a default mortgage for real property commonly known as 6012 Linwood Avenue, Cleveland. On September 9, 2009, Sopramco, CV6, L.L.C., as successor-in-interest, received a judgment against Aberdeen and the Caldwells, jointly and severally. The property was subsequently sold at sheriff's sale, with the court confirming the sale on November 20, 2009. In addition to the judgment obtained in the foreclosure action, Sopramco was awarded attorney fees incurred as a result of the foreclosure action.

{¶4} In January 2013, Sopramco assigned its judgment to plaintiff-appellee, ACM Browncroft Trust. In its effort to collect on the outstanding judgment, ACM Browncroft filed three bank attachments on the Caldwells' bank accounts — two at KeyBank and one at Charter One Bank on a trust account.

{¶5} In response to the bank attachments, the Caldwells moved to void the September 9, 2009 judgment and quash the attachment proceedings claiming that the collection actions were barred by the two-year statute of limitations as provided in R.C.

2329.08 and, therefore, ACM Browncroft was prohibited from collecting any deficiency. Specifically, the Caldwells argued that their son, James T. Caldwell, Jr. (now deceased), lived at the Linwood property, which was a single family dwelling, and effectively executed the mortgage because he was a shareholder. According to the Caldwells, in light of these facts, the protections under R.C. 2329.08 applied.

{¶6} ACM Browncroft opposed the motion, arguing that R.C. 2329.08 did not apply because although James T. Caldwell, Jr. was a shareholder of Aberdeen, his shareholder status alone does not mean he executed the mortgage on behalf of Aberdeen.

{¶7} The trial court denied the Caldwells' motion to void judgment and quash attachment proceedings, finding that the Caldwells "failed to provide sufficient evidence and grounds in support of their motion." The Caldwells now appeal from this judgment, contending in their sole assignment of error that "the trial court erred in failing to void the judgment in the within matter and quashing the attachment proceedings."[1]

{¶8} A trial court has discretion in determining whether to grant a motion for relief from judgment, and an appellate court will not reverse that determination absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 11, 371 N.E.2d 214 (1978). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

---

[1] Although the trial court's order also denied the Caldwells' motion to quash attachment proceedings, the Caldwells make no argument on appeal regarding the legality of the attachment proceedings. Therefore, we do not address this issue.

(1983).

{¶9} In support of their appeal, the Caldwells rely on the language of R.C. 2329.08. The relevant portion of the statute provides:

> Any judgment for money rendered in a court of record in this state upon any indebtedness which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, upon which real property there has been located a dwelling or dwellings for not more than two families which has been used in whole or in part as a home or farm dwelling or which at any time was held as a homestead by the person who executed or assumed such mortgage or other instrument, or which has been held by such person as a homesite, shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment.

{¶10} Thus, under the statute, the Caldwells are entitled to relief if the evidence shows that either the real property (1) has upon it a dwelling or dwellings for not more than two families which has been used in whole or part as a home, farm dwelling, or held as a homestead by the person who executed or assumed the mortgage or other instrument, or (2) has been held by such person as a homesite.

{¶11} Although the Caldwells argue on appeal that their son, James, used the property as a homesite, the legal definition of "homesite" as explained by the Ohio Supreme Court, is "[a] location suitable for a home"; whereas, "homestead" is "[a] family's dwelling place, with the inclosure or ground immediately contiguous; an abode; a home." *Mut. Bldg. & Invest. Co. v. Efros*, 152 Ohio St. 369, 372, 89 N.E.2d 648 (1949). Because a dwelling already existed on the real property, the Caldwells are not entitled to relief under the "homesite" option under R.C. 2329.08. *See id.*

{¶12} Therefore, the Caldwells are entitled to relief if the real property has upon it a dwelling or dwellings for not more than two families that has been used in whole or part as a home, farm dwelling, or held as a homestead *by the person who executed or assumed the mortgage or other instrument*.

{¶13} The Caldwells contend that because James was a shareholder of Aberdeen, he executed the mortgage.   We disagree.

{¶14} The mortgage on the real property was given by Aberdeen, the corporate entity that owned the real property.   The mortgage was executed by James T. Caldwell, Sr., in his capacity as president of Aberdeen.   It was also executed by James T. Caldwell, Sr. and Barbara G. Caldwell, individually as co-makers.   James T. Caldwell, Jr., was merely a shareholder of Aberdeen and his signature does not appear on any of the mortgage documents.   His part ownership of the corporate mortgagor does not change the fact that the corporate mortgagor was a separate person from him.   "It is well settled that a corporation is a separate legal entity from its shareholders, even when the corporation only has one shareholder."   *My Father's House #1, Inc. v. McCardle*, 2013-Ohio-420, 986 N.E.2d 1081, ¶ 27 (3d Dist.).   James Jr.'s shareholder status is insufficient to satisfy "the person who executed or assumed the mortgage or other instrument" protection of R.C. 2329.08.

{¶15} Accordingly, the Caldwells' sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR