In re Rebecca Ardelle ORWIG, Debtor.

**Bankruptcy No. 2–80–01673.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Nov. 5, 1980.

Larry E. Staats, Columbus, Ohio, Trustee.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Rebecca Ardelle Orwig, debtor.

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPT PROPERTY

G. L. PETTIGREW, Bankruptcy Judge.

Debtor's claim of a homestead exemption, pursuant to § 2329.66(A)(1) O.R.C., was objected to by the trustee in this case. The trustee contended that neither the debtor nor her dependents were using premises at 1220 Geers Street, Columbus, Ohio, as a residence at the time of filing her voluntary petition. Following debtor's opposition to the objection to claim of exempt property, this matter came on for an evidentiary hearing.

## FACTS

On May 15, 1980, when the debtor filed her Chapter 7 petition, she listed her post office address as 80 70th Avenue, Pataskala, Ohio. In her statement of affairs, she indicated the Pataskala address as her residence. However, in the Schedule B–4, Property Claimed as Exempt, she listed her residence as 1220 Geers, Columbus, Ohio, and claimed a homestead exemption of $5,000, pursuant to § 2329.66(A)(1) O.R.C. The debtor disclosed no ownership interest in the Pataskala premises which she testified were owned by her new husband at the time of her filing. The debtor and her new husband had each listed his/her house for sale at the time of the filing of the bankruptcy petition in this case. In addition, the debtor testified that she and her husband both intended to live permanently in whichever house was not sold.

On May 15, 1980, the debtor was not living on Geers, but was in the process of moving to Pataskala. Some of her personal items were left at Geers. Further, the debtor testified that work needed to be done on the house on Geers because there was no running water in the premises on the date of filing. In addition, the debtor had not moved back into those premises as of the time of the hearing on the trustee's objection. Debtor testified that she had received an offer of $30,000 for the Geers property, prior to filing, but felt that that was not enough for the property.

In the hearing on the trustee's objection, the debtor testified concerning her intention to keep her homestead. At page 3 of the transcript, the following appears:

"Q. Now, at the time you filed your petition in your bankruptcy, which was on May 15, were you living in the property at 1220 Geers?

"A. I was not actively. I did not have all my possessions there.

.        .        .        .        .

"Q. Was there any reason why you were vacating the premises?

"A. In order to facilitate the sale of the house and/or for the subcontractor to go in and do the necessary work to sell the property."

At p. 5 she testified:

"Q. Now Mrs. Orwig, in the event that you don't sell your property, what's your intention?

"A. To move back to the property."

At p. 8 she testified:

"Q. In May of 1980 when you moved your things out, did you have any intention of moving back into that house?

"A. Yes.

"Q. And that intention was to move back in if you did not sell?

"A. If I did not sell."

## DISCUSSION

The debtor's right to the homestead exemption claimed in this case is determined by Ohio law since the Ohio Legislature denied debtor's use of exemptions provided in 11 U.S.C. § 522(d). However, the essence of the right to a homestead exemption, under Ohio law as well as Federal Law, is based on the debtor's designation and occupancy of the real or personal property as a residence. If the debtor occupies the residence when the homestead exemption is claimed, the claim is seldom challenged. However, where the debtor does not occupy the premises, the constructive use or occupancy must be proved. Ohio law provides an exemption for the debtor in:

"The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." 2329.66(A)(1) Ohio Rev.Code.

Ohio courts have long recognized the intent to occupy a homestead as a necessary element to establishing an allowable homestead exemption. In the early case of *Jackson v. Reid*, 32 Ohio St. 443 (1877), the court dealt with a debtor who was temporarily out of the homestead, leaving furniture behind and declaring an unequivocal intention to remain and to reside exclusively and permanently on the homestead at some indefinite time in the future. At p. 447, the court said:

"It may well be conceded that a man cannot have two homesteads. If he gives up his homestead and moves elsewhere, making the latter residence his home, his right to the former is gone. What the homestead is, is a question of fact. If the party has been living and is living upon it at the time exemption is claimed, his right cannot be disputed. And a mere temporary absence will not destroy his right any more than it will change his domicile. And there may be an enforced absence, under which the homestead right may still exist, as in the case of *Kelly v. Duffy* [31 Ohio St. 437], where the dwelling-house was burned down, and the debtor and his family removed from the premises without intending to rebuild. This was held no abandonment of the right to the homestead."

In *Jackson*, the trial court found that there was no intention to abandon the homestead. The debtor merely, temporarily removed from the homestead with an intent to return. Ohio law has recognized allowance of a homestead in situations where there has been a temporary removal, but no intent to abandon the homestead. *Wetz v. Beard*, 12 Ohio St. 431 (1861).

In attempting to resolve the objection to debtor's claim of a homestead exemption, at least four elements of proof are missing. First, neither the debtor nor her dependents occupied the premises at the time of the claim of exemption. Second, in the statement of affairs, the debtor designated her residence as the Pataskala residence. Third, the debtor was not forced to leave the Geers Avenue premises. Fourth, the debtor had no specific intent to return to the premises or to preserve a homestead at the premises on Geers.

In support of allowance of the homestead exemption, we find that the debtor has properly claimed the exemption in Schedule B–4 of a homestead. Also, the debtor left some personal effects in the home while relocating to Pataskala. Finally, the debtor expressed an intent to permanently reside in the property owned by the debtor or her husband which was not sold.

The key element in this case is the debtor's intent to maintain a homestead. Debtor's expressed intent was to live in the premises which could not be sold or which received less favorable offers of sale. Debtor's actions expressed an intent to reside in the Pataskala property, which, at the time of filing, had less equity according to the debtor's calculation.

From these findings, the Court concludes that debtor's claim of a homestead exemption in premises at 1220 Geers cannot be sustained. Debtor abandoned the homestead prior to filing her petition. Wherefore, the trustee's objection is SUSTAINED.

IT IS SO ORDERED.