**In re Jacquelyn K. HOLLAR, Debtor.**

**Bankruptcy No. 2–86–05046.**
**SSAN(S): 302–36–3329.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 10, 1987.

Daniel F. Carmack, Columbus, Ohio, Trustee.

W. Ronald Beaver, Columbus, Ohio, for debtor.

## ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection to a homestead exemption asserted by debtor Jacquelyn K. Hollar. The objection, filed by Daniel F. Carmack, the duly-appointed trustee in this Chapter 7 bankruptcy case (the "Trustee"), was opposed by the debtor and was heard by the Court.

The Court finds the following facts. The debtor filed her voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code on December 18, 1986. The petition and schedules showed her current address as 290 Emmit Avenue, Columbus, Ohio, and indicated ownership of that property as the debtor's only interest in real property. In the B–4 schedule the debtor asserted entitlement to an exemption in that property in the amount of $5,400 pursuant to the homestead and miscellaneous property exemptions set forth in Ohio Rev. Code § 2329.66(A)(1) & (17), available for residents of Ohio in bankruptcy proceedings by 11 U.S.C. § 522(b)(2).

On January 28, 1987, subsequent to his examination of the debtor at the meeting of creditors, the Trustee formally objected to the exemption asserted for the Emmit Avenue property on the basis that the debtor was not living in that property when her

bankruptcy case was filed. The debtor opposed that objection by a pleading which, while curiously referring only to property located at 14819 Crownover Mill Road in New Holland, Ohio, asserted that the exemption available to her for homestead property was not necessarily limited to property in which she resided at the time her case was filed so long as the property claimed as exempt was a "residence", as that term is defined by Ohio law. On March 23, 1987 the debtor amended her B–1 schedule of assets to indicate ownership of the Crownover Mill Road property. Shortly thereafter the Trustee sought authorization from the Court to attempt to sell that property.

At the hearing before the Court the parties agreed that the Crownover Mill Road property was the only real estate owned by the debtor and was the only real property for which an exemption was intended to be asserted. It was also agreed that the Emmit Avenue property was a dwelling into which the debtor had moved shortly before filing her bankruptcy petition. The Trustee requested the Court to take judicial notice of the fact that the debtor's address, as shown on the petition, was not the Crownover Mill Road property for which the exemption was sought. Following that request, the parties agreed that the debtor was not actually living in the Crownover Mill Road property when the bankruptcy was filed and that the dispute as to the propriety of the asserted homestead exemption related only to the Crownover Mill Road property. Neither the Trustee, acting as his own attorney, nor the debtor's attorney called any witnesses at the hearing.

The issue before the Court is the allocation of burdens of proof and production of evidence in an objection to a homestead exemption when the debtor is not physically living in the property for which the exemption is sought at the time the bankruptcy is filed. The debtor's attorney argues that the debtor may have more than one residence under Ohio law,[1] although

1. See *Board of Education v. Day*, 30 Ohio Misc.2d 25, 506 N.E.2d 1239 (C.P. Hardin Cty 1986).

only one such residence may be claimed as exempt from the claims of creditors of the bankruptcy estate. The Trustee does not disagree with that position, but maintains that the burden of showing that the property claimed as exempt is, in fact, a residence is on the debtor where such property is not located at the address from which the bankruptcy filing is made.

Bankruptcy Rule 4003(c) places the initial burden of proving the inappropriateness of an exemption upon the Trustee, as the party objecting to the asserted exemption. This Court believes that such rule requires that the Trustee initially rebut the prima facie effect of the claim of exemption. Where the debtor is living in property which is not the same as the property for which the exemption is claimed, the showing of that fact accomplishes such rebuttal and shifts to the debtor the burden of producing evidence to show, as a matter of fact, that the property for which the exemption is claimed serves as a "residence" for her or her dependent as required by § 2329.66(A)(1) of the Ohio Revised Code. *In re Orwig*, 6 B.R. 725 (Bankr.S.D. Ohio 1980); Fed.R.Evid. 301. As such showing, by its nature, requires evidence of intention to make the alternative property a "residence", testimony is generally essential. See *Jackson v. Reid*, 32 Ohio St. 443 (1877).

Based on the foregoing, the Court finds that the Trustee satisfied his initial burden of production with the introduction of the stipulated fact that the debtor's filing address and the property for which the exemption was asserted are not the same property. The debtor failed to rebut that fact with any evidence that the claimed property actually qualified as a residence under Ohio law. That failure to produce appropriate countervailing evidence permits the Trustee to carry his burden of proof and prevail in his objection.

Based upon the foregoing, the Trustee's objection to the debtor's claim of a homestead exemption in the Crownover Mill Road property is SUSTAINED, and such exemption claim is hereby DENIED. However, a claim of exemption will be permitted to the extent of $400 as an appropriate assertion available only to bankruptcy debtors in "any property" pursuant to Ohio Rev.Code § 2329.66(A)(17).

IT IS SO ORDERED.