OPINION
Plaintiff-appellant Meadow Wind Health Care Center appeals from the October 14, 1999, Judgment Entry of the Stark County Court of Common Pleas granting defendant-appellee Ella McInnes' Motion for Summary Judgment while overruling the Motion for Summary Judgment filed by plaintiff-appellant.
STATEMENT OF THE FACTS AND CASE, Appellee Ella McInnes is the owner of property located at 505 Grosvenor Drive, N.W. in Massillon, Ohio. On May 11, 1999, appellant Meadow Wind Health Care Center filed a complaint for foreclosure of such real property against appellee and the Stark County Treasurer in the Stark County Court of Common Pleas. Appellant previously, on March 4, 1999, had been granted a default judgment against appellee in the Stark County Court of Common Pleas in the amount of $34,100.00 plus interest at the rate of ten percent (10%) per annum (Case No. 1999CV00349). On April 1, 1999, a certificate of judgment for lien upon lands and tenements owned by appellee was filed in Case No. 1999CV000349 in the office of the Clerk of the Stark County Court of Common Pleas. When the complaint for foreclosure was filed in the case sub judice, $100.00 of the judgment had been paid, leaving a balance of $34,000.00. Appellee , a former resident of appellant's health care center, had lived in appellant's health care center from June of 1998 until April 2, 1999. On June 8, 1999, the Stark County Treasurer filed an answer and cross-claim. Appellee, in her answer filed two days later, alleged that under R.C. 2329.66 her real property was "exempt from forced judicial sale by this Plaintiff [appellant] for the reason that this is a judgment regarding money owed for health care services provided to Defendant [appellee], and seeks enforcement of the judgement against the one item of real property that the Defendant uses as her residence." Appellant, on September 13, 1999, filed a Motion for Summary Judgment. Appellant, in its motion, argued that (1) the services rendered to appellee by appellant included services other than health care services and supplies, (2) at the time of the attachment of the judgment lien on April 1, 1999, appellee did not have a right to an exemption under R.C. 2329.66, and (3) R.C.2329.66 is unconstitutional as applied to judgment creditors for health care services and supplies. The next day, a Motion for Summary Judgment was filed by appellee. Appellee specifically moved the trial court to grant her summary judgment with respect to her exemption claim and to deny a judgment of foreclosure to appellant. Appellant, on September 17, 1999, filed a reply to appellee's motion. Appellee, in turn, filed a reply to appellant's Motion for Summary Judgment three days later. Thereafter, a reply brief was filed by appellant on September 24, 1999. Pursuant to a Judgment Entry filed on October 14, 1999, the trial court, finding that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law, granted appellee's Motion for Summary Judgment while overruling that filed by appellant. It is from the trial court's October 14, 1999, Judgment Entry that appellant prosecutes its appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR THE APPELLEE AND AGAINST THE APPELLANT BASED UPON APPELLEE'S ASSERTION OF AN EXEMPTION FROM A JUDGMENT CREDITOR'S FORECLOSURE BASED ON OHIO REVISED CODE SECTION 2329.66
IN THAT THE SERVICES RENDERED BY APPELLANT WERE NOT PRIMARILY FOR HEALTH CARE SERVICES AND SUPPLIES AND THUS WERE NOT COVERED BY THE STATUTE.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR APPELLEE AND AGAINST APPELLANT BASED UPON APPELLEE'S ASSERTION OF AN EXEMPTION FROM A JUDGMENT CREDITOR'S FORECLOSURE BASED ON OHIO REVISED CODE SECTION 2329.66 IN THAT APPELLEE'S DOMICILE AT THE TIME OF THE ATTACHMENT OF THE JUDGMENT LIEN OF APPELLANT, WAS AT THE APPELLANT'S FACILITY WHERE SHE WAS THEN A RESIDENT, AND THEREFORE, THE RIGHT TO A HOMESTEAD EXEMPTION PURSUANT TO OHIO REVISED CODE SECTION 2329.66 DID NOT APPLY.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR THE APPELLEE AND AGAINST THE APPELLANT BASED UPON APPELLEE'S ASSERTION OF AN EXEMPTION FROM A JUDGMENT CREDITOR'S FORECLOSURE BASED ON OHIO REVISED CODE SECTION 2329.66, IN THAT OHIO REVISED CODE SECTION 2329.66 AS IT APPLIES TO HEALTH CARE PROVIDERS, VIOLATES BOTH THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's assignments of error.
 I
Appellant, in its first assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment based upon appellee's claimed entitlement to an exemption from a judgment creditor's foreclosure under R.C. 2329.66. Appellant specifically contends that appellee was not entitled to an exemption under such section since the services rendered by appellant to appellee were not primarily for health care services and supplies and thus were not covered by the statute. Appellee, in turn, argues that since appellant Meadow Wind Health Care Center is a nursing home, appellee clearly received health care services from appellant or was provided with health care supplies by appellant. R.C. 2329.66(A) states, in relevant part, as follows: "(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows: (1)(a) In the case of a judgment or order regrading money owed for health care services rendered or health care supplies provided to the person or a dependent of the person, one parcel or item of real or personal property that the person or a dependent of the person uses as a residence. Division (A)(1)(a) of this section does not preclude, affect, or invalidate the creation under this chapter of a judgment lien upon the exempted property but only delays the enforcement of the lien until the property is sold or otherwise transferred by the owner or in accordance with other applicable laws to a person or entity other than the surviving spouse or Csurviving minor children of the judgment debtor. Every person who is domiciled in this state may hold exempt from a judgment lien created pursuant to division (A)(1)(a) of this section the person's interest, not to exceed five thousand dollars, in the exempted property." R.C. 2329.66(A)(1)(a) clearly requires that, for property to be exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, the judgment or order must be for "money owed for health care services rendered or health care supplies provided to the person or a dependent of the person." Since R.C. 2329.66 is an exemption statute, it should be liberally interpreted in favor of the debtor. In re Cope (Bankr.N.D.Ohio 1987), 80 B.R. 426. Appellee supported her Motion for Summary Judgment with her own affidavit. Appellee, in her affidavit stated that she "entered said nursing home [appellant Meadow Wind] in June, 1998, with the intention of having sixty (60) days of therapy." When asked during her deposition why she had moved in June of 1998 from Laurel's, a nursing home in Massillon, to appellant Meadow Wind Health Care Center, appellee testified that "[m]y A.A.R.P. gave you sixty days of therapy, so I went over there [to Meadow Wind] for therapy." See p. 11 of appellee's deposition transcript, a copy of which is attached to appellant's Motion for Summary Judgment. Appellee maintains, therefore, that she received "health care services" from appellant although there is nothing in the record indicating that appellee, in fact, received any type of therapy at appellant's facility. Appellee also testified during her deposition that she had a stroke in 1998 while she was living at Meadow Wind Health Care. See p. 7 of appellee's deposition transcript, a copy of which is attached to appellant's Motion for Summary Judgment. Appellant, in turn, supported its Motion for Summary Judgment with an affidavit from Dawn Ciokan, appellant's administrator, a statement of account indicating that appellee owes "room board" for the period from June of 1998 through April of 1999, and a copy of appellee's deposition. Ciokan, in her affidavit, stated that the statement of appellee's account "demonstrates that from the period of June 11, 1998, until April 2, 1999, room, board and related services were provided to her [appellee] for a total sum due for said goods and services of $34,100.00 against which only the sum of $100.00 was paid leaving a balance due of $34,000.00." According to appellant, all of the billed expenses were for personal care services associated with being a resident of appellant's facility including, but not limited to, telephone, laundry, and recreation expenses. Based on the foregoing, we find that there are genuine issues of material fact in dispute as to whether or not appellee received any health care services or supplies from appellant and, therefore, whether appellant's judgment was for money owed for health care services rendered or health care services provided. Since R.C. 2329.66, as an exemption statute, must be liberally construed in favor of appellee, we note that appellee is entitled to an exemption under R.C. 2329.66 if any health care services were rendered or any health care supplies were provided to appellee by appellant. The trial court, therefore, erred in granting appellee's Motion for Summary Judgment. Appellant's first assignment of error is, therefore, sustained.
 II
Appellant, in its second assignment of error, maintains that the trial court erred in granting appellee's Motion for Summary Judgment since appellee was a resident of appellant's facility at the time appellant's judgment lien attached and, therefore, was not entitled to a homestead exemption under R.C. 2329.66(A)(1)(a). Such section allows a homestead exemption for "one parcel or item of real or personal that the person or a dependent of the person uses as a residence." (Emphasis added). According to appellant, at the time the judgment lien attached on April 2, 1999, "[a]ppellee did not occupy the premises on Grosvenor in Massillon, Ohio, as a resident or otherwise." The term "residence" is not defined in R.C. Chapter 2329. Since a debtor's right to a homestead exemption is determined as of the date of the attachment which subjects the residence to judicial sale, we must consider where appellee's residence was as of the date appellant's judgment lien was filed. See In re Holland (1998), 151 F.3d 547. See also In re Cope, supra, in which the court stated that, with respect to bankruptcy cases, "[c]ase law strongly supports the proposition that a debtor's right to exemptions is determined as of the date the petition is filed." Id. at 427. (Emphasis added.) Under Ohio law, the essence of the right to a homestead exemption is based on the debtor's designation and occupancy of the real property as a residence. In re Orwig (Bankr.S.D.Ohio 1980), 6 B.R. 725. The intent to occupy a residence is a necessary element to establishing an allowable homestead exemption under R.C. 2329.66. Id. When residence has been established, it continues until the property is abandoned. See In re Cope, supra. For homestead exemption purposes, abandonment of property consists of both actually leaving the premises and an intent to abandon. Id. For such reason, Ohio law "has recognized allowance of a homestead in situations where there has been a temporary removal, but no intent to abandon the homestead." See In re Orwig supra. at 727, citing Wetz v. Beard (1861), 12 Ohio St. 431. There is no dispute in the case sub judice that appellee was living at Meadow Wind Health Care Center at the time that appellant's judgment lien attached on April 1, 1999. In fact, appellee had lived at Meadow Wind Health Care Center from June of 1998 until her son removed her from the facility on April 2, 1999, at 9:30 P.M., after the lien had attached, and moved her back into the Grovesnor property. However, while appellant contends that appellee was a resident of Meadow Wind Health Care at the time the judgment lien attached, appellee argues that the Grosvenor address is appellee's residence. Appellee, in the affidavit attached to and in support of her Motion for Summary Judgment, stated that she has lived "continuously" at 505 Grosvenor Dr. N.W. since 1954 except for the time during which she was a patient at appellant's facility. Appellee also stated as follows in her affidavit: "I entered said nursing home in June, 1998, with the intention of having sixty (60) days of therapy. . . . At no time did I ever cease to consider my permanent residence as 505 Grosvenor Drive, NW, Massillon, Ohio 44646. I always intended upon my release from Meadow Winds Nursing Home to return to my residence." In turn, appellant, in its Motion for Summary Judgment, stressed that appellee, during her deposition, admitted to receiving mail at Meadow Wind, and to voting, engaging in recreational activities and visiting with friends while living there. Moreover, appellee, during her deposition, a copy of which is attached to appellant's Motion for Summary Judgment, testified that since she is basically alone at the Grovesnor address, she stays in bed because "they're afraid I'll fall." See p. 9 of appellee's deposition transcript, a copy of which is attached to appellant's Motion for Summary Judgment. Based upon such testimony, appellant argues that appellee's "new living arrangement is hardly a home, a place where she personally intended to return, or is physically capable of remaining." Based on the foregoing, we find that there are genuine issues of material fact in dispute as to whether appellee was a resident of the Grosvenor address at the time appellant's judgment lien attached or whether she had abandoned such property. Accordingly, we find that the trial court erred in granting appellee's Motion for Summary Judgment. Appellant's second assignment of error is, therefore, sustained.
 III
Appellant, in its third assignment of error, challenges the constitutionality of R.C. 2329.66 on equal protection and due process grounds. This court will not reach constitutional issues unless absolutely necessary. See In Re Miller (1992), 63 Ohio St.3d 99,110. Based on this court's findings with respect to appellant's first and second assignments of error, we, therefore, need not reach the merits of the constitutional issues raised in appellant's third assignment of error. Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.
 _____________________ Edwards, J.
By Gwin, P.J. and Wise, J. concurs.